STATE of Tennessee, Appellee,

v.

Ronald Clyde McCARY, Appellant.

Court of Criminal Appeals of Tennessee.

June 28, 1991.

William R. Heck, Chattanooga, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Rebecca L. Gundt, Asst. Atty. Gen., Nashville, Gary D. Gerbitz, Dist. Atty. Gen., Stephen Bevil, and H.C. Bright, Asst. Dist. Attys. Gen., Chattanooga, for appellee.

## OPINION

PEAY, Judge.

The grand jury for Hamilton County returned three separate indictments against the defendant. Two of these indictments charged him with aggravated sexual battery, and the third charged him with aggravated rape. Although he pled guilty to the charge of aggravated rape, the other two indictments were dismissed by the trial court on the State's motion. The defendant then filed a petition to have the records expunged on the two charges that were dismissed. A hearing was held and the trial court denied this motion.

In this appeal brought pursuant to T.R.A.P. 3(b), the defendant contends that the trial court erred in refusing to grant his petition to expunge the public records as to the indictments that were dismissed. The State chooses not to address the merits of this issue, instead contending that the denial of this expungement petition cannot be reviewed under T.R.A.P. 3(b). While the method of appeal in this area is unclear, we believe that the defendant has chosen the most rational route; thus, we will reach the merits of this case and do find that the trial court erred in denying the defendant's petition.

■■■■ This Court has jurisdiction of final judgments of the trial courts in cases or proceedings instituted with reference to or arising out of a criminal case. T.C.A. § 16–5–108; *State v. Drake*, 701 S.W.2d 604, 606 (Tenn.1985). In addition the rules of appellate procedure provide that a defendant in a criminal action has an appeal as of right from any judgment of conviction entered by a trial court unless the issues presented for review were waived. These rules also provide that "[t]he defendant may appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding". T.R.A.P. 3(b). From a careful review of this rule, it appears that the State's contention is correct in that this rule does not explicitly provide for an appeal as of right from a final order denying expungement. This is apparently an oversight in the drafting of these rules since the statute establishing jurisdiction in this Court apparently anticipates that all final judgments arising out of criminal cases are appealable.[1]

■■■■ The statute dealing with expungement of records at the time of the hearing of this matter was as follows:

All public records of a person who has been charged with a misdemeanor or a felony, and which charge has been dismissed, or a no true bill returned by a grand jury, or a verdict of not guilty returned by a jury or a conviction which has by appeal been reversed, *shall* (emphasis added), upon petition by that person to the court having jurisdiction in such previous action, be removed and

---

1. This Court exercised jurisdiction and overturned a trial court's refusal to expunge DHS records in *State v. John Doe*, No. 155, Roane County, 1986 WL 8584 (Tenn.Crim.App. filed August 6, 1986, at Knoxville); however, the record does not reflect the rule under which this appeal was brought.

destroyed without cost to such person; . . . .

T.C.A. § 40–32–101(a)(1).[2]  It is obvious from reading this statute that the trial judge has no discretion in granting the defendant's petition for expungement. This statute clearly provides that when a charge has been dismissed, the public records shall be removed and destroyed.

For the reasons set forth herein the action of the trial judge in refusing to grant the defendant's petition for expungement is set aside, and this matter is remanded to the trial court for entry of an order pursuant to T.C.A. § 40–32–101, et seq granting the defendant's petition for expungement and destruction of the public records in this case.

JONES and TIPTON, JJ., concur.

2.  The defendant relies on T.C.A. § 40–15–106. This section was transferred to T.C.A. § 40–32–101 in 1990 prior to the hearing in this case.