IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
November 14, 2002 Session

**STATE OF TENNESSEE v. ALAN L. ADLER**
**Appeal by permission from the Court of Criminal Appeals**
**Circuit Court for Fayette County**
**No. 4945     Jon Kerry Blackwood, Judge**

**No. W2001-00178-SC-R11-CD - Filed December 30, 2002**

The appellant, Alan L. Adler, was indicted for aggravated child neglect of a child under six years of age, a Class A felony. Following trial, a Fayette County jury convicted him of the lesser-included offense of reckless endangerment, a Class A misdemeanor. Subsequently, the appellant, pursuant to Tennessee Code Annotated section 40-32-101 (section 40-32-101), petitioned the trial court to expunge all public records pertaining to his indictment, prosecution, and trial for the aggravated child neglect charge. After the appellant's petition was granted by the trial court, the State of Tennessee appealed pursuant to Tennessee Rule of Appellate Procedure 3(c) (Rule 3(c)) and argued that Adler was not entitled to expungement under section 40-32-101 because he was convicted of a lesser-included offense. We granted this appeal to determine if the State is authorized under Rule 3(c) to appeal a trial court's expungement order. After examining the facts and the law pertinent to this issue, we hold that the State is not permitted to appeal a trial court's expungement order as of right pursuant to Rule 3(c). Nevertheless, treating the State's appeal as a writ of certiorari, we also hold that the appellant was entitled in this case to expungement of all public records pertaining to the felony charge of which he was acquitted.

**Tenn. R. App. P. 11; Judgment of the Court of Criminal Appeals Reversed and Case Remanded to the Circuit Court for Fayette County**

WILLIAM M. BARKER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and JANICE M. HOLDER, JJ., joined.

Robert L. Hutton, Memphis, Tennessee, for the appellant, Alan L. Adler.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Kim R. Helper, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Ryan D. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**STATEMENT OF THE CASE**

The defendant-appellant, Alan L. Adler, was indicted in Fayette County for the offense of aggravated child neglect of a child under six years of age. At trial, the jury was instructed on aggravated child neglect of a child under six years of age (a Class A felony) and the lesser-included offenses of child neglect (a Class D felony) and reckless endangerment (a Class A misdemeanor). Following deliberation, the jury found the defendant not guilty of either felony, but guilty of misdemeanor reckless endangerment. The trial court suspended all but two days of the appellant's nine month sentence, and he was released after serving forty-eight (48) hours in jail. Subsequently, the appellant successfully petitioned the Circuit Court for Fayette County, pursuant to section 40-32-101, "to order all public records pertaining to the arrest indictment, prosecution and trial . . . for aggravated child neglect, and simple child neglect be expunged." On appeal, the Court of Criminal Appeals reversed the trial court's expungement order and held: 1) that under the authority of <u>State v. McCary</u>, 815 S.W.2d 220 (Tenn. Crim. App. 1991), the State could appeal an unfavorable expungement order as of right under Rule 3(c); and 2) that the appellant was not entitled to have the records of the greater charges expunged because he was convicted of a lesser-included offense.

**ANALYSIS**

*I. THE STATE'S APPEAL AS OF RIGHT UNDER TENNESSEE RULE OF APPELLATE PROCEDURE 3(C)*

The appellant argues that the Court of Criminal Appeals erred in reviewing the State's appeal of the trial court's expungement order under Rule 3(c). Specifically, the appellant claims that the State's ability to appeal as of right is strictly limited to the instances set forth in Rule 3(c), which provides:

> **Availability of Appeal as of Right by the State in Criminal Actions**. -- In criminal actions an appeal as of right by the state lies <u>only</u> from an order or judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) the substantive effect of which results in dismissing an indictment, information, or complaint; (2) setting aside a verdict of guilty and entering a judgment of acquittal; (3) arresting judgment; (4) granting or refusing to revoke probation; or (5) remanding a child to the juvenile court. The state may also appeal as of right from a final judgment in a habeas corpus, extradition, or post-conviction proceeding.

(Emphasis added). The appellant asserts that because Rule 3(c) does not include an order of expungement among those instances wherein an appeal as of right by the State is permitted, the State had no authority to appeal the expungement order as of right.

Conversely, while conceding that the express language of Rule 3(c) does not specifically authorize the State to appeal an expungement order as of right, the State cites to the Court of Criminal Appeals decision of <u>State v. McCary</u> for support for its position. <u>McCary</u> addressed

whether a criminal defendant could appeal as of right a trial court's denial of an expungement order under Tennessee Rule of Appellate Procedure 3(b) (Rule 3(b)). The language of Rule 3(b) is similar to Rule 3(c) in that it very clearly enumerates the specific circumstances in which a defendant is authorized to appeal as of right in a criminal action. None of these enumerated instances in Rule 3(b) would allow a defendant to appeal as of right a trial court's denial of an order of expungement. Nevertheless, in McCary, the Court of Criminal Appeals held that the failure of Rule 3(b) to provide for an appeal from the denial of an expungement order was "apparently an oversight in the drafting of the rules since the statute establishing jurisdiction in this Court apparently anticipates that all final judgments arising out of criminal cases are appealable." 815 S.W.2d at 221. Because of this perceived oversight, the Court of Criminal Appeals held in McCary that a defendant could appeal the denial of an order of expungement under Rule 3(b).

Because McCary granted criminal defendants an appeal as of right under Rule 3(b), the Court of Criminal Appeals in the instant case held that in fairness the State should have a similar right under Rule 3(c) because "what is good for the goose is good for the gander." Since no application for permission to appeal was filed in McCary, this Court has not previously had the occasion to examine whether the State or a criminal defendant may appeal under Rule 3 an unfavorable ruling involving an expungement order. We take that opportunity at this time.

As this Court stated in Hill v. City of Germantown, 31 S.W.3d 234, 237-38 (Tenn. 2000), "where a statute is without contradiction or ambiguity, there is no need to force its interpretation or construction . . . ." Additionally, when interpreting statutes, this Court has routinely followed the Latin maxim of *expressio unius est exclusio alterius*, meaning "the expression of one thing implies the exclusion of all things not mentioned." Limbaugh v. Coffee Medical Center, 59 S.W.3d 73, 84 (Tenn. 2001); see also D & E Const. Co. v. Robert J. Denley Co., 38 S.W.2d 513, 519 (Tenn. 2001). This Court has also determined that such rules of statutory construction are "applicable in construing rules governing the practice and procedure of the court." State v. Peele, 58 S.W.3d 701, 704 (Tenn. 2001) (citing State v. Brewer, 989 S.W.2d 349, 355 n.4 (Tenn. Crim. App. 1997)).

Applying these rules to the instant case, it is clear that Rule 3(c) grants the State the authority to appeal as of right only in a limited number of circumstances. The plain language of the rule enumerates the six instances in which the State may appeal as of right and states that they are the "only" instances that give the State such a right. Tenn. R. App. P. 3(c). Moreover, by listing the specific circumstances that give the State the right of appeal under Rule 3(c), the rule "excludes other [circumstances] that are not mentioned." Peele, 58 S.W.3d at 704. Additionally, noting that in the past this Court has examined Advisory Committee Comments to aid in its interpretation of court rules, see Gann v. Burtin, 511 S.W.2d 244, 246 (Tenn. 1974), we find it revealing that the Advisory Commission Comment to Rule 3(c) states that "the rule provides that appeals as of right lie only in those circumstances specified in the subdivision." (Emphasis added).

Furthermore, we disagree with the language in McCary suggesting that it was an oversight on the part of the drafters of Rule 3 in failing to provide for the appeal of an unfavorable ruling concerning an expungement order. The statute allowing for the expungement of public records, currently section 40-32-101, became effective on July 1, 1973. By contrast, Rule 3 of the Tennessee

Rules of Appellate Procedure became effective July 1, 1979, pursuant to Tennessee Code Annotated sections 16-112 to 16-118 (1977). When interpreting statutes, this Court notes that "the Legislature is presumed to have knowledge of its prior enactments and to know the state of the law at the time it passes legislation." Wilson v. Johnson County, 879 S.W.2d 807, 810 (Tenn. 1994); Neff v. Cherokee Ins. Co., 704 S.W.2d 1, 4 (Tenn. 1986). We agree with the appellant that the same presumption should apply to this Court when it drafts procedural rules which are approved by the General Assembly. Because the expungement statute was in effect at the time Rule 3 became effective, we must conclude that this Court and the General Assembly specifically chose to allow neither the State nor a criminal defendant an appeal as of right under Rule 3 from an unfavorable ruling concerning an expungement order.

Because of the plain and unambiguous language of Rules 3(b) and 3(c), we conclude that neither the State nor a criminal defendant has the authority to appeal as of right an unfavorable ruling concerning an expungement order under Rule 3. Accordingly, the judgment of the Court of Criminal Appeals is reversed. To the extent that McCary is inconsistent with this opinion, it is overruled.

Nevertheless, despite the fact that Rule 3(c) fails to authorize the State to appeal as of right the granting of an expungement order, the State urges this Court to permit the appeal to proceed as a petition for a writ of certiorari. The common law writ of certiorari has been codified in Tennessee Code Annotated section 27-8-101 (2000) (section 27-8-101). Section 27-8-101 provides:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

Generally, the writ of certiorari is limited in application and does not normally lie to inquire into the correctness of a judgment issued by a court with jurisdiction. State v. Johnson, 569 S.W.2d 808, 815 (Tenn. 1978). However, we have previously noted that an appellate court is within its province to grant a writ of certiorari "[w]here the action of the trial court is without legal authority." Id. (citing State v. Gant, 537 S.W.2d 711 (Tenn. Crim. App. 1975)). The State maintains that the trial court's granting of the appellant's motion for an order of expungement was erroneous because the appellant was convicted of a lesser-included offense, rendering the expungement statute inapplicable. If the State's position is correct, then the trial court was acting contrary to the law in granting the appellant's petition for expungement. Because this appeal involves an allegation that the trial court acted without legal authority and because "there is no other plain, speedy, or adequate remedy," we will treat the State's appeal as that of a writ of certiorari. Accordingly, we will address whether in granting the appellant's petition to expunge public records, the trial court acted without legal authority in contravention of the expungement statute.

## II. THE EFFECT OF LESSER-INCLUDED OFFENSE CONVICTIONS ON THE EXPUNGEMENT STATUTE

The authority of Tennessee trial judges to grant orders of expungement derives from section 40-32-101 which provides:

> **Destruction or release of records**. -- (a)(1) <u>All</u> public records of a person who has been charged with a misdemeanor or a felony, and which charge has been dismissed, or a no true bill returned by a grand jury, or a verdict of not guilty returned by the jury, and all public records of a person who was arrested and released without being charged, <u>shall</u>, upon petition by that person to the court having jurisdiction in such previous action, be removed and destroyed without cost to such person . . . .

(Emphasis added). Given that he was acquitted of the more serious charges (aggravated child neglect and child neglect), the appellant asserts that he should be entitled to have the records of those charges expunged because the jury found him not guilty of those charges. Conversely, the State claims that the word "charge" in section 40-32-101(a)(1) embraces all lesser-included offenses. The State asserts that because Adler was convicted of a lesser-included offense, the original charge has not been dismissed, nor has a not guilty verdict been returned, rendering the expungement statute inapplicable to the appellant.

We begin by noting that although this is an issue of first impression before this Court, the Court of Criminal Appeals has dealt with similar issues involving the expungement statute. In <u>State v. Liddle</u>, 929 S.W.2d 415, 415 (Tenn. Crim. App. 1996), a defendant, who was charged with six separate counts of aggravated sexual battery within a single indictment, agreed to plead guilty to one count in exchange for the prosecutor entering a *nolle prosequi* on the remaining five counts. After the trial court denied the defendant's petition to have the record for the five dismissed counts expunged, the Court of Criminal Appeals reversed the trial court and ordered that the five dismissed counts be expunged pursuant to section 40-32-101. <u>Id.</u> Additionally, in <u>Eslick v. State</u>, 942 S.W.2d 559 (Tenn. Crim. App. 1996), the defendant was charged in a four-count indictment with offenses including felony murder, aggravated rape, and aggravated kidnaping. The jury ultimately found the defendant not guilty of the more serious felony murder and aggravated rape charges. However, the trial court refused to grant the defendant's motion to expunge the record of those charges. Noting the mandatory nature of the expungement statute, the Court of Criminal Appeals reversed, holding that "the trial court has no discretion relative to expunging public records for charges resulting in a dismissal or an acquittal." <u>Eslick</u>, 942 S.W.2d at 560.

This Court has previously stated "that our primary goal in interpreting statutes is 'to ascertain and give effect to the intention and purpose of the legislature.'" <u>Stewart v. State</u>, 33 S.W.2d 785, 791 (Tenn. 2000) (quoting <u>Gleaves v. Checker Cab Transit Corp.</u>, 15 S.W.3d 799, 802 (Tenn. 2000)). We have also noted that the best expression of legislative intent is the natural and ordinary meaning of the language used by the General Assembly in the statute. <u>See</u> <u>Lipscomb v. Doe</u>, 32 S.W.3d 840, 845 (Tenn. 2000); <u>Mooney v. Sneed</u>, 30 S.W.3d 304, 306 (Tenn. 2000). This Court has previously described the purpose of the expungement statute as being "to prevent a citizen from bearing the stigma of having been charged with a criminal offense, where he was <u>acquitted</u> of the charge or prosecution of the charge was abandoned." <u>State v. Doe</u>, 588 S.W.2d 549, 552 (Tenn. 1979)

(overruled, in part, by statute) (emphasis added). We note that the word "charge" in this context is not defined in the statute, nor anywhere else in the Tennessee Code. However, Black's Law Dictionary (6th ed. 1990) defines "charge" in the criminal setting as "the specific crime the defendant is accused of committing."

In the instant case, the jury found the appellant not guilty on the charge of aggravated child neglect, which was the specific crime he was accused of committing. The jury also declined to convict the appellant of child neglect. The offense for which Adler was convicted, reckless endangerment, though a lesser-included offense of aggravated child neglect, see State v. Honeycutt, 54 S.W.3d 762 (Tenn. 2001), is clearly not the same "charge" as aggravated child neglect for purposes of the expungement statute. Accordingly, we hold that a defendant who is convicted of a lesser-included offense of the offense sought in the indictment or presentment is entitled to have the record expunged of any greater charge(s) for which the jury finds the defendant not guilty. Under section 40-32-101, we are persuaded that the appellant is entitled to have all public records of his aggravated child neglect and child neglect charges expunged. We are mindful that if this Court were to hold otherwise, it would be possible for a prosecutor to permanently harm a defendant by significantly overcharging him or her, a valid concern given the pursuit of leverage in the plea bargaining process. We think that it would run counter to the legislature's intent if the expungement statute, designed to prevent citizens from being unfairly stigmatized, could be so easily trumped by an overzealous or vindictive prosecutor.

Lastly, the State has posited that there may be cases where the original charge and lesser-included offense for which a defendant is convicted are too intertwined to make expungement of the record practical or even possible. While there may be a case in the future where expungement would not be appropriate, this is not such a case.

## CONCLUSION

We conclude that Rule 3 of the Tennessee Rules of Appellate Procedure does not permit either the State or a criminal defendant to appeal as of right an unfavorable ruling regarding an order of expungement. Furthermore, we conclude that a criminal defendant who is convicted of a lesser-included offense than that sought in the indictment or presentment is entitled, under Tennessee Code Annotated section 40-32-101, to have the records expunged for every offense in which the jury found the defendant not guilty. This case is remanded to the Circuit Court for Fayette County so that the original order granting the appellant's petition for expungement may be reentered.

Costs of this appeal are taxed to the State of Tennessee.

_____
WILLIAM M. BARKER, JUSTICE