IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## JOE CLARK MITCHELL v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Maury County
No. M2322     Stella Hargrove, Judge**

---

**No. M2005-00229-CCA-R3-CO - Filed November 21, 2005**

---

The Petitioner, Joe Clark Mitchell, appeals the trial court's denial of his motion to dismiss and expunge. The State has filed a motion requesting that the Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We find the State's motion has merit. Accordingly, the motion is granted and the appeal is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, and JERRY L. SMITH, JJ, joined.

Joe Clark Mitchell, pro se, Clifton, Tennessee.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On September 25, 1986, the Petitioner was convicted of two counts of aggravated assault, two counts of armed robbery, two counts of aggravated kidnapping, one count of arson, one count of first degree burglary, and two counts of aggravated rape. The trial court imposed the following sentences: (1) ten years for each of the aggravated assault conviction; (2) life for each of the armed robbery convictions; (2) life for each of the aggravated kidnapping convictions; (3) twenty-one years for the arson conviction; (4) fifteen years for the burglary convictions; and (5) life for each of the aggravated rape convictions. The Petitioner appealed his conviction, and this Court held that there was insufficient evidence presented to support one of the Petitioner's convictions for aggravated rape but held that the evidence was sufficient to support a conviction of simple rape as a lesser included offense. State v. Joe Clark Mitchell, No. 87-152-III, 1988 WL 32362, at *1 (Tenn. Crim App. Apr. 7, 1988), *perm. app. denied* (Tenn. June 27, 1988). Accordingly, the Court reduced the conviction

to simple rape and imposed a sentence of thirteen years for that offense. Id. The Court affirmed all the other convictions and sentences.

On May 3, 2004, the Petitioner filed a pro se "Motion to Dismiss and Expunge the Record." In that motion, the Petitioner alleged that this Court was without jurisdiction to modify his sentence from aggravated rape to simple rape because, by finding him guilty of the greater offense, the jury found him not guilty of the lesser-included offense. The State responded by moving for summary dismissal and requesting that the trial court issue sanctions against the Petitioner for filing a clearly frivolous and unfounded pleading. On May 25, 2004, the trial court summarily denied the Petitioner's motion, and it ordered that the Petitioner be sanctioned by paying court costs associated with the filing of the motion. On June 9, 2004, the Petitioner filed a "Motion to reconsider or, in the Alternative, a Notice of Appeal." On January 7, 2005, the trial court summarily dismissed the motion as a frivolous filing. The Defendant filed a notice of appeal on January 20, 2005.

On appeal, the Petitioner again asserts that this Court improperly found him guilty of simple rape when the jury found him not guilty of simple rape. He suggest that, by finding him guilty of the greater offense of aggravated rape, the jury found him not guilty of the lesser included offense of rape. Therefore, he asserts that this Court could not properly find him guilty of simple rape.

In 2002, the Petitioner filed a habeas corpus petition asserting similar claims. See Joe Clark Mitchell, No. M2002-03011-CCA-R3-CO, 2003 WL 22243287 (Tenn. Crim. App. June 17, 2003), *perm. app. denied* (Tenn. Dec. 29, 2003). There, the Petitioner asserted that this Court's reduction of the second rape offense from aggravated rape to simple rape violated the constitutional prohibition against double jeopardy. Id. at *2. The Petitioner argued that by convicting him of the greater charge, the jury acquitted him of all lesser included offenses of aggravated rape, depriving this Court of jurisdiction to reduce his conviction to simple rape. Id. In response to this argument, this Court found that, even if the Petitioner's claims were true, it would render his convictions voidable rather than void, and, therefore, not entitled to habeas corpus relief. Id. at *3.

We note that, according to Tennessee Rule of Appellate Procedure 3(b), A defendant may appeal as of right from a judgment of conviction upon a plea of not guilty, in certain circumstances in which there has been a plea of guilty or nolo contendere, or "from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding." Id. The Petitioner's motion in this case does not meet any of these requirements. Therefore, this appeal is not properly before the Court. Further, even were this Court to consider his motion as one for post-conviction relief, it is time barred because it was filed five years after the Petitioner's conviction. See Tenn. Code Ann. § 40-30-102; State v. Dan E. Durell, No. E2004-03014-CCA-R3-CD, No. 2005 WL 1584419, at *1 (Tenn. Crim. App. July 7, 2005), *no. Tenn. R. App. P. 11 application filed*.

Additionally, in State v. Adler, 92 S.W.3d 397 (Tenn. 2002), the Supreme Court specifically held, "Because of the plain and unambiguous language of [Appellate Procedure] Rules 3(b) and 3(c), we conclude that neither the State nor a criminal defendant has the authority to appeal as of right an

unfavorable ruling concerning an expungement order under Rule 3." <u>Id.</u> at 401. The <u>Alder</u> Court allowed the appeal to proceed as a petition for *writ of certiorari*, but under circumstances that are not presented by the case currently before us.

Finally, this Court has already addressed the exact issue that the Petitioner now presents in the context of a habeas corpus petition. This Court determined that this issue did not entitle the Petitioner to habeas corpus relief.

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

                          _____

                          ROBERT W. WEDEMEYER, JUDGE