IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 5, 2011

**MACK TRANSOU v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Madison County**
**No. C-10-179     Roy B. Morgan, Judge**

**No. W2010-01378-CCA-R3-CO  - Filed June 1, 2011**

The pro se petitioner, Mack Transou, appeals the trial court's denial of his petition for writ of certiorari or, in the alternative, petition for writ of error.  After reviewing the record, the parties' briefs, and the applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Mack Transou, pro se, West Tennessee State Penitentiary, Henning, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; James G. Woodall, District Attorney General; and Alfred Lynn Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Background**

The petitioner, Mack Transou, has a long and procedurally complex history in this court.  In a previous opinion, this court summarized the facts surrounding the petitioner's case as follows:

The petitioner was convicted in separate jury trials of aggravated burglary and rape based on a December 23, 2001 criminal episode involving one victim, *see State v. Mack T. Transou*, No. W2003-02966-CCA-R3-CD, 2005 WL 1154345, at *1 (Tenn. Crim. App. May 13, 2005)*, perm. to appeal granted*

(Tenn. Oct. 3, 2005), and of rape and sexual battery based on a March 17, 2002 episode involving a different victim. *See State v. Mack T. Transou*, No. W2004-01475-CCA-R3-CD, 2005 WL 1541859, at *1 (Tenn. Crim. App. June 30, 2005), *perm. to appeal granted* (Tenn. Oct. 3, 2005). Our supreme court set out the background of the cases in the consolidated appeal in which it affirmed the petitioner's convictions and sentences:

> Defendant Mack Transou was convicted in 1999 of the Class E felony offense of driving after being declared a motor vehicle habitual offender. See [Tenn. Code Ann.] § 55-10-613(a), 55-10-616(b). The offense date was May 14, 1997. Transou was subsequently incarcerated for his infraction. During intake processing at the prison, Transou signed a consent form and submitted to a blood draw. A DNA analysis was performed and the results were submitted to CODIS. Transou's DNA profile was eventually matched to profiles developed from forensic evidence obtained in two unsolved crimes: the reported rape of S.K. in December 2001 and the reported rape of C.T. in March 2002. Transou was subsequently charged with both sets of offenses. In both cases he filed a motion to suppress the evidence obtained pursuant to the 1999 blood draw taken while he was in prison.

*State v. Scarborough*, 201 S.W.3d 607, 612 (Tenn. 2006) (footnote omitted). In affirming the petitioner's convictions and sentences, our supreme court held that the petitioner "consented to having his blood drawn; that the evidence is sufficient to support [his] convictions of rape and aggravated burglary; and that his sentences for those crimes are valid." *Id*. at 611.

On August 1, 2005, while his direct appeal was still pending, the petitioner filed a petition for post-conviction relief from his 2003 convictions for aggravated burglary and rape, alleging that his DNA profile linking him to the crimes had been illegally obtained and that he was denied pretrial jail credits that would have resulted in the expiration of his sentence prior to the time that his blood was drawn. On August 31, 2005, the post-conviction court entered an order summarily dismissing the petition on the basis that the DNA issue had been previously determined and a post-conviction petition was not the appropriate avenue for challenging the calculation of pretrial jail credits that had been awarded toward the petitioner's sentence in an unrelated case.

There is nothing in the record to show that the petitioner ever filed a direct appeal of the post-conviction court's order of dismissal.

On May 16, 2008, the petitioner filed a petition to reopen the August 2005 post-conviction petition in which he essentially reiterated the same arguments he had raised in the original petition. He also asserted that he had appealed the post-conviction court's August 31, 2005 order denying the post-conviction petition to this court but had heard nothing in response.

On May 28, 2008, the post-conviction court entered an order dismissing the petition to reopen, finding, among other things, that the petitioner had failed to comply with the statutory requirements for filing a motion to reopen a post-conviction petition and that the petitioner's allegations regarding the DNA evidence had been previously litigated and decided on appeal. The court further found that the petition could not be treated as a petition for writ of error coram nobis because the statute of limitations had long since expired. On June 2, 2008, the petitioner filed a notice of appeal document in the post-conviction court. On February 10, 2009, this court entered an order dismissing the appeal on the basis that the petitioner had failed to comply with the statutory requirements governing review of a denial of a motion to reopen.

On July 6, 2009, the petitioner filed a second motion to reopen his post-conviction petition. There is nothing else in the record with respect to his second motion.

On June 3, 2010, the petitioner filed a "Motion To Reconsider Post-Conviction Or In the Alternative, Petition For A Delayed Appeal," in which he again challenged the legality of the blood draw from which his DNA profile had been obtained. On June 14, 2010, the post-conviction court entered a detailed written order in which it dismissed the motion. Among other things, the court found that the petitioner was "simply attempting to re-litigate issues" that had been previously determined or waived and that he "ha[d] in no way been denied any appeal." On June 17, 2010, the petitioner filed a notice of appeal to the trial court.

*Mack Transou v. State*, No. W2010-01313-CCA-R3-PC, 2011 WL 1220398, at *1-2 (Tenn. Crim. App., at Jackson, Mar. 31, 2011). This court dismissed the petitioner's appeal because "the petitioner failed to comply with the statutory requirements for seeking discretionary review of the denial of his motion to reopen the post-conviction petition." *Id.* at *3.

-3-

On June 9, 2010, the petitioner filed a motion for writ of certiorari or, in the alternative, writ of error, which is the subject of this appeal. In the motion the petitioner challenged his probation revocation, claiming that his sentence had expired. He also challenged the legality of the blood draw from which his DNA profile had been obtained, challenged the legality of his sentence, and argued that he received ineffective assistance of counsel. The trial court dismissed the motion, finding no merit to the petitioner's claims. The petitioner timely appealed the trial court's decision.

**Analysis**

On appeal, the petitioner argues that the trial court erred when it dismissed his motion. Specifically, he asserts that "illegal and unlawful proceedings" and the unlawful seizure of his DNA led to his convictions and sentences for aggravated burglary, rape, and sexual battery. He further asserts that his counsel were ineffective for failing to raise the issue of the unlawful proceedings on appeal. The state responds that the trial court properly dismissed the petitioner's motion because "there is no provision in criminal law to seek relief in the trial court via a writ of certiorari," and the petitioner is attempting to relitigate the legality of the taking of his DNA. The state further asserts that, even if we were to construe the motion as a petition for habeas corpus, the petitioner is not entitled to relief.

Tennessee Code Annotated section 27–8–101 codified the common law writ of certiorari. The statute provides that:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

In general, the writ of certiorari is limited in application and a petitioner may not ordinarily use it "to inquire into the correctness of a judgment issued by a court with jurisdiction." *State v. Adler*, 92 S.W.3d 397, 401 (Tenn. 2002) (citing *State v. Johnson*, 569 S.W.2d 808, 815 (Tenn. 1978)). However, the writ properly applies when the action of the trial court is without legal authority and where no other "plain, speedy or adequate remedy" is available. *Id*.; Tenn. Code Ann. § 27–8–101. Thus, we conclude that the petitioner may not invoke a writ of certiorari to secure the trial court's review of its own judgment.

In its order dismissing the petition, the trial court found that it could not treat the petition as a writ of error coram nobis because the one year statute of limitations to file such

a writ had expired. Also, the court found that "the gist of the petitioner's complaints . . . is that his DNA was wrongfully obtained either through deception or coercion or that his sentence for the original felony conviction for driving after having been declared a habitual offender had expired before his DNA was taken by the Tennessee Department of Correction[]" and that courts have previously decided these claims. We agree.

Despite the untimeliness of the petition, the petitioner failed to present newly discovered evidence that may have resulted in a different judgment had it been presented at trial. Tenn. Code Ann. § 40-26-105; *Workman v. State*, 41 S.W.3d 100, 104 (Tenn. 2001). The petitioner's claim that his DNA was unlawfully obtained is not cognizable in a petition for writ of error coram nobis. *See*, *e.g.*, *Kenneth C. Stomm v. State*, No. 03C01-9110-CR-00342, 1992 WL 97081, at *1 (Tenn. Crim. App., at Knoxville, May 12, 1992) ("The [coram nobis] proceeding is confined to errors outside the record and to matters which were not and could not have been litigated at trial, the motion for new trial, appeal, or upon post-conviction petition."). The petitioner litigated this issue at trial during the motion to suppress, and the appellate courts affirmed the trial court's ruling that the DNA evidence was admissible.

Moreover, we agree that the petitioner is attempting to relitigate issues that the courts have previously decided. Our supreme court has opined that an appellate court may not consider issues that have been previously determined on appeal.

> [U]nder the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. The doctrine applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication. The doctrine does not apply to dicta.

*Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998) (internal citations omitted); *see also Creech v. Addington*, 281 S.W.3d 363, 383 (Tenn. 2009). This doctrine "promotes the finality and efficiency of the judicial process, avoids indefinite relitigation of the same issue, fosters consistent results in the same litigation, and assures the obedience of lower courts to the decisions of appellate courts." *Id*. The law of the case doctrine also applies to issues that courts determined necessarily by implication. *Id*. The petitioner is clearly attempting to relitigate the same previously determined issues regarding the DNA evidence that the state used to convict him. Thus, we conclude that the trial court properly dismissed the petitioner's petition for writ of certiorari or, in the alternative, writ of error.

## Conclusion

Based on the foregoing and the record as a whole, we affirm the trial court's dismissal of the petition.

 

_____

J.C. McLIN, JUDGE