# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## MARCUS DEANGELO LEE a.k.a. MARCUS DEANGELO JONES v. STATE OF TENNESSEE

### Appeal from the Criminal Court for Shelby County
### Nos. 9510473, 9511561C, 9511563    James M. Lammey, Judge

### No. W2011-01003-CCA-R3-PC  - Filed August 31, 2011

The Petitioner, Marcus Deangelo Lee , appeals the Criminal Court of Shelby County's denial of his motion to reopen post-conviction proceedings.  The State has filed a motion requesting that this Court affirm the trial court's dismissal pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Marcus Deangelo Lee, Memphis, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

On December 11, 1995, the Petitioner entered guilty pleas to possession of cocaine with intent to sell, unlawful possession of a deadly weapon with intent to commit a crime, and sale of cocaine.  He received an effective sentence of three years in the county workhouse.  On May 8, 2006, the Petitioner filed a petition for writ of error coram nobis. The trial court summarily dismissed the petition, and this Court affirmed the lower court's judgment.  See Marcus Deangelo Lee v. State, No. W2006-02031-CCA-R3-CO, 2007 Tenn. Crim. Ap. LEXIS 421 (Tenn. Crim. App., at Jackson, May 31, 2007).  On June 25, 2008, the Petitioner filed a motion to reopen post-conviction proceedings and a motion for a belated

appeal. The trial court treated the motion as both an original post-conviction relief petition and a motion to reopen and dismissed them both. This Court affirmed the dismissal. See Marcus Deangelo Lee v. State, No. W2009-00256-CCA-R3-PC, 2009 Tenn. Crim. App. LEXIS 686 (Tenn. Crim. App., at Jackson, Aug. 18, 2009), perm. to appeal denied (Tenn. Jan. 25, 2010). On September 10, 2009, the Petitioner filed a "motion for delayed appeal and post-conviction relief." The trial court summarily dismissed the motion, and this Court affirmed the dismissal. See Marcus D. Lee v. State, No. W2009-02478-CCA-R3-PC, 2010 Tenn. Crim. App. LEXIS 439 (Tenn. Crim. App., at Jackson, May 27, 2010), perm. to appeal denied (Tenn. Oct. 21, 2010).

In December 2010, the Petitioner filed a second motion to reopen post-conviction proceedings. Relying upon the United States Supreme Court's decision in Padilla v. Kentucky, 130 S.Ct. 1473 (2010), the Petitioner asserted his plea was not knowingly and voluntarily entered. On January 31, 2011, the trial court entered an order summarily dismissing the motion. On February 11, 2011, the Petitioner mailed a notice of appeal to the trial court clerk's office, which was filed on February 16, 2011.

In seeking review of a trial court's denial of a motion to reopen, a petitioner shall file, within ten days of the lower court's ruling, "an application in the court of criminal appeals seeking permission to appeal." T.C.A. § 40-30-117(c) (2010);[1] Tenn. Sup. Ct. R. 28, § 10(B). The application shall include copies of all documents filed by both parties in the trial court and the order denying the motion. T.C.A. § 40-30-117(c) (2010); see Tenn. Sup. Ct. R. 28, § 10(B). While the Tennessee Supreme Court has held that a pleading titled "notice of appeal" can be treated as an application for permission to appeal, it "must include the date and judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appellate court should grant review." Graham v. State, 90 S.W.3d 687, 691 (Tenn. 2002).

This Court cannot construe the notice of appeal document that the Petitioner filed in the trial court as an application for permission to appeal under Graham. Although the Petitioner filed the notice of appeal document within ten days of the lower court's order, he filed it in the trial court and not this Court. The Petitioner failed to attach the documents filed by both parties in the trial court and the order denying the motion to reopen. The Petitioner failed to include in the notice of appeal document the reasons why this Court should grant review.

To obtain review of the trial court's order, a petitioner must comply with the statutory

---

[1] Effective May 27, 2011, the time for filing an application for permission to appeal in this Court was increased from ten days to thirty days.

requirements in Tennessee Code Annotated section 40-30-117(c). A petitioner's failure to comply with those requirements deprives this Court of jurisdiction to entertain the matter. Because the Petitioner has failed to comply with the statutory requirements, we are without jurisdiction to review this matter as an appeal of a denial of a motion to reopen a petition for post-conviction relief.

Even if the Petitioner complied with the requirements in section 40-30-117(c), he has failed to allege a ground upon which the petition may be granted. A petitioner may file a motion to reopen post-conviction proceedings only if:

> (1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of the right is required. The motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial; or
>
> (2) The claim in the motion is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid; and
>
> (4) It appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced.

T.C.A. § 40-30-117(a).

In his motion to reopen, the Petitioner relies upon the United States Supreme Court's opinion in Padilla v. Kentucky, 130 S.Ct. 1473 (2010). In Padilla, the Court held that "counsel must inform [their] client whether [a] plea carries a risk of deportation" and that the failure to advise their client of the consequence was deficient. Padilla, 130 S.Ct. at 1486. The Court further held that when the deportation consequence is not "succinct and straightforward," counsel must still advise the client that "pending criminal charges must

carry a risk of adverse immigration consequences." Id. at 1483. Regardless of whether the Court in Padilla created a new constitutional right that requires retrospective application, the Petitioner does not allege that he is an illegal alien and, therefore, the holding in Padilla in not applicable to the Petitioner. The Petitioner is not entitled to relief on this issue.

The Petitioner requests this Court consider his notice of appeal as a petition for writ of certiorari. The writ of certiorari is generally limited in application, and a petition may not ordinarily use it "to inquire into the correctness of a judgment issued by a court with jurisdiction." State v. Adler, 92 S.W.3d 397, 401 (Tenn. 2002). The writ properly applies when the action of the trial court is without legal authority and where no other "plain, speedy or adequate remedy is available." Id.; T.C.A. § 27-8-101. A writ of certiorari is not proper under the circumstances of this case.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE