# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs October 4, 2011

## STATE OF TENNESSEE v. CEDRIC LAMAR MOSES

**Direct Appeal from the Circuit Court for Dyer County**
**No. C06-223       R. Lee Moore, Judge**

---

**No. W2011-01448-CCA-R3-CD  - Filed December 28, 2011**

---

On appeal, the appellant challenges the trial court's order denying his motion to reinstate probation.  Upon review, we conclude that the appellant does not have a Rule 3, Tennessee Rules of Appellate Procedure, appeal as of right from the order.  Therefore, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal is Dismissed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

Noel H. Riley, II, Dyersburg, Tennessee, for appellant, Cedric Lamar Moses.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

On September 19, 2006, the appellant pled guilty to possession of .5 grams or more of cocaine with the intent to sell or deliver.  The trial court imposed an eight-year sentence, six months of which was to be served in jail with the remainder to be served on probation.  Thereafter, on May 15, 2009, a jury convicted the appellant of two counts of facilitation of first degree murder and one count of especially aggravated robbery.  See State v. Aubrey Tremaine Eisom & Cedric Moses, No. W2009-02098-CCA-R3-CD, 2010 WL 4540069, at *1 (Tenn. Crim. App. at Jackson, Nov. 15, 2009), perm. to appeal denied, (Tenn. Mar. 9,

2011). On July 23, 2009, the trial court revoked the appellant's probation because of the new convictions and ordered the appellant to serve the balance of his sentence in confinement. Thereafter, this court reversed the appellant's convictions for facilitation of first degree murder and especially aggravated robbery after concluding that there was insufficient corroboration of an accomplice's testimony. Id.

On January 13, 2011, the appellant, acting *pro se,* filed a "Motion to Reinstate Probation," arguing that the trial court should reinstate his probation because this court had reversed the convictions that led to the probation revocation. On April 19, 2011, the trial court held a hearing on the motion. After the hearing, the court found by a preponderance of evidence that the appellant was involved in the crimes and thus the probation revocation was justified.

## II. Analysis

The appellant argues that the trial court erred by denying his motion to reinstate his probation because the convictions underlying the probation revocation were reversed on appeal. He further argues that the trial court abused its discretion by ruling that the evidence supported the finding that a probation violation had occurred. The State contends that the trial court's order denying the motion is not an action from which an appeal lies under Tennessee Rule of Appellate Procedure 3(b). We agree with the State.

Tennessee Rule of Appellate Procedure 3(b) limits a criminal defendant's appeal as of right to

> any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(i) or (iv) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, and from a

final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

Our case law has firmly established that "[u]nlike civil litigants, who have an appeal as of right from any final judgment, parties in criminal cases do not always have an appeal as of right under the Rules of Appellate procedure." State v. Lane, 254 S.W.3d 349, 352 (Tenn. 2008). Our supreme court has stated that, based upon "the Latin maxim of *expressio unius est exclusio alterius*, meaning 'the expression of one thing implies the exclusion of all things not mentioned,'" a party in a criminal case may not appeal from an action not specifically included in Rule 3. State v. Adler, 92 S.W.3d 397, 400 (Tenn. 2002) (quoting Limbaugh v. Coffee Medical Center, 59 S.W.3d 73, 84 (Tenn. 2001)). This court has reiterated this principle, explaining that "[i]f an order is not specifically listed in Rule 3(b) as one of the types of orders or judgments from which an appeal as of right exists, then there is no appeal as of right from that order." State v. Jay Bean, No. M2009-02059-CCA-R3-CD, 2011 WL 917038, at *2 (Tenn. Crim. App. at Nashville, Mar. 16, 2011). Rule 3 does not specifically provide for an appeal as of right from a "Motion to Reinstate Probation." Therefore, we conclude that the appellant's appeal should be dismissed. See Jonathon C. Hood v. State, No. M2009-00661-CCA-R3-PC, 2010 WL 3244877, at *1 (Tenn. Crim. App. at Nashville, Aug. 18, 2010), perm. to appeal denied, (Tenn. 2010).

## III. Conclusion

In sum, we conclude that the appeal should be dismissed.

_____
NORMA MCGEE OGLE, JUDGE

-3-