FILED

06/21/2018

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 13, 2017 Session

**STATE OF TENNESSEE v. HARLEY CROSLAND**

**Appeal from the Circuit Court for Lewis County**
**No. 2016-CR-74      Joseph Woodruff, Judge**

_____

**No. M2017-01232-CCA-R3-CD**

_____

In this appeal, the State challenges the trial court's application of the general savings statute to the Defendant's theft conviction, which occurred prior to the amendment of the theft statute, <u>see</u> T.C.A. §§ 39-14-103 (2014) (theft); 39-14-105 (2014) (amended 2017). Because no appeal as of right lies for the State pursuant to Tennessee Rule of Appellate Procedure 3 or Tennessee Code Annotated section 40-35-402, this court lacks jurisdiction to review this issue. Accordingly, we dismiss this appeal. We nevertheless detect errors in the judgment and remand for entry of a corrected judgment to reflect a Class A misdemeanor consistent with the amended theft statute.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed; Remanded for Entry of
Corrected Judgment.**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J. joined. TIMOTHY L. EASTER, J., filed a dissenting opinion.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Kim R. Helper, District Attorney General; and Stacey Edmonson and Sean Duddy, Assistant District Attorneys General, for the appellant, State of Tennessee.

Richard Boehms, Hohenwald, Tennessee, for the appellee, Harley Crosland.

**OPINION**

The facts of this case are not in dispute. Between July 2 and July 5, 2016, the Defendant broke into the main office of the Lewis County landfill and stole several items, including a chainsaw, muzzleloader rifle, handheld scanner, and two laptop computers. An investigation ensued, and the Defendant ultimately admitted to breaking into the landfill and stealing the items, valued between $500 and $1,000. On March 8, 2017, pursuant to a plea agreement, the Defendant attempted to plead guilty to theft of property

valued over $500 and attempted burglary in exchange for a three-year concurrent term of imprisonment as a Range II offender.[1]  The trial court inquired as to the applicability of the amended theft statute, and the State and defense counsel agreed that the Defendant should be sentenced based on the law in effect at the time of the offense.  The case was continued until April 5, 2017, and the Defendant entered an open guilty plea to theft of property valued over $500 and attempted burglary as a Range II, offender.  It was then reset for sentencing and memoranda on the applicability of the amended theft statute.

At the May 17, 2017 sentencing hearing, the trial court stated that "the only way for the [c]ourt to apply all of the law that applie[d] in this circumstance[,]" including the savings statute in Tennessee Code Annotated section 39-11-112, was to impose a misdemeanor sentence but classify the offense as a felony.  Accordingly, the trial court imposed a sentence of eleven months and twenty-nine days for the theft conviction and reflected it as a Class E felony on the judgment form.  It further imposed a concurrent three-year sentence for the attempted burglary.  It is from this judgment that the State now appeals.  The Defendant did not appeal.

**ANALYSIS**

The first question in any appeal is whether we have jurisdiction.  It is axiomatic that the State has no right to a writ of error or to an appeal in a criminal prosecution, unless it is expressly conferred by a constitutional provision or statute.  Arizona v. Manypenny, 451 U.S. 232 (1981); Carroll v. United States, 354 U.S. 394, 399 (1957); United States v. Sanges, 144 U.S. 310 (1892).  Manypenny set out the twofold concern underlying the presumption against government criminal appeals:

> Both prudential and constitutional interests contributed to this tradition.  The need to restrict appeals by the prosecutor reflected a prudential concern that individuals should be free from the harassment and vexation of unbounded litigation by the sovereign.  This concern also underlies the constitutional ban against double jeopardy . . . .  In general, both concerns translate into the presumption that the prosecution lacks appellate authority absent express legislative authorization to the contrary.

Mannypenny, 451 U.S. at 246 (internal citations omitted).  For these reasons, State appeals in criminal cases have been historically viewed as "something unusual, exceptional, not favored."  United States v. Carrillo-Bernal, 58 F.3d 1490, 1494 (10th

---

[1] During the same guilty plea hearing, the Defendant also entered guilty pleas in two other cases, conceded that he had violated his probation, and agreed to have the sentence placed into effect.  The convictions and sentences in those other cases are not part of this appeal.

Cir. 1995) (providing a detailed historical progression of the grounds upon which the government may appeal) (citing Carroll v. United States, 354 U.S. at 400); see also State v. Meeks, 262 S.W.3d 710, 718 (Tenn. 2008) (noting that at common law, the State was not afforded the right to appeal in criminal cases). Accordingly, when a statute affords the State the right to an appeal in a criminal proceeding, the statute will be strictly construed to apply only to the circumstances defined in the statute. State v. Meeks, 262 S.W.3d at 718 (citing Carroll v. United States, 354 U.S. at 400; State v. Adler, 92 S.W.3d 397, 400 (Tenn. 2002)). If the text of a statute is "clear and unambiguous, we need not look beyond the plain language of the text to ascertain its meaning." State v. Rowland, 520 S.W.3d 542, 545 (Tenn. 2017).

In its notice of appeal, the State does not identify the statute upon which it relies to confer appellate jurisdiction. Rules 3, 9, and 10 of the Tennessee Rules of Appellate Procedure are the typical avenues for appeal. Rules 9 and 10 govern interlocutory and extraordinary appeals and are inapplicable. Rule 3(c) provides:

> **Availability of Appeal as of Right by the State in Criminal Actions.** In criminal actions an appeal as of right by the state lies only from an order or judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) the substantive effect of which results in dismissing an indictment, information, or complaint; (2) setting aside a verdict of guilty and entering a judgment of acquittal; (3) arresting judgment; (4) granting or refusing to revoke probation; or (5) remanding a child to the juvenile court. The state may also appeal as of right from a final judgment in a habeas corpus, extradition, or post-conviction proceeding, from an order or judgment pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, and from a final order on a request for expunction.

Tenn. R. App. P. 3(c). None of the enumerated circumstances in Rule 3(c) apply. The only remaining option under this section is Rule 36 of the Tennessee Rules of Criminal Procedure. Because Rule 36 provides for an appeal only to "correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission[,]" which is not the case here, Rule 36 is inapplicable. Moreover, Rule 36.1 requires the "filing [of] a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered[,]" which did not occur here; therefore, Rule 36.1 is similarly inapplicable. See State v. Ashley N. Menke, No. M2017-00597-CCA-R3-CD, 2018 WL 2304275, at *3 (Tenn. Crim. App. May 21, 2018) (construing State's appeal of trial court's imposition of sentence under the amended theft statute and alignment with other sentences as illegal in violation of Rule 36.1).

We now turn to Tennessee Code Annotated section 40-35-402 which provides:

**Appeal of sentence by state -- Standard.** (a) The district attorney general in a criminal case may appeal from the length, range or manner of the service of the sentence imposed by the sentencing court. The district attorney general may also appeal the imposition of concurrent sentences. In addition, the district attorney general may also appeal the amount of fines and restitution imposed by the sentencing court. An appeal pursuant to this section shall be taken within the same time and in the same manner as other appeals in criminal cases. The right of the appeal of the state is independent of the defendant's right of appeal.

(b) An appeal from a sentence is limited to one (1) or more of the following conditions:

(1) The court improperly sentenced the defendant to the wrong sentence range;
(2) The court granted all or part of the sentence on probation;
(3) The court ordered all or part of the sentences to run concurrently;
(4) The court improperly found the defendant to be an especially mitigated offender;
(5) The court failed to impose the fines recommended by the jury;
(6) The court failed to order the defendant to make reasonable restitution; or
(7) The sentence is inconsistent with the purposes or considerations of sentencing set out in §§ 40-35-102 and 40-35-103.

T.C.A. § 40-35-402(a), (b). None of the above enumerated sections explicitly allow the State to appeal based on the circumstances of this case. Shockingly, the State's brief does not include any argument regarding jurisdiction. To the extent the State assumes appellate jurisdiction based on how it has framed the issue presented, i.e. that the trial court imposed a sentence in the wrong sentencing range under the amended theft statute, see T.C.A. § 40-35-402 (b)(1), we join other panels of this court and reject that position. See State v. Charles Keese, No. E2016-02020-CCA-R3-CD, 2018 WL 1353697, at *4 (Tenn. Crim. App. Mar. 15, 2018) (concluding that the State has no statutory right to appeal pursuant to Rule 3 or Code section 40-35-402 from a sentence applying amended version of theft statute but exercising jurisdiction based on defendant's cross appeal); State v. Matthew Eugene Tolle, No. E2017-00571-CCA-R3-CD, 2018 WL 1661616, at *4 (Tenn. Crim. App. Mar. 19, 2018) (concluding that State had no statutory right to appeal pursuant to Rule 3, Rule 10, or code section 40-35-402 but exercising jurisdiction over appeal under a common law writ of certiorari); State v. Joshua Thidor Cross, No.

E2017-00572-CCA-R3-CD, 2018 WL 2065558, at *3 (Tenn. Crim. App. May 3, 2018) (concluding no statutory right to appeal and dismissing appeal); but see State v. Ashley N. Menke, No. M2017-00597-CCA-R3-CD, 2018 WL 2304275, at *7 n.9 (Tenn. Crim. App. May 21, 2018). Given the presumption against State appeals in criminal cases absent express statutory authority, we decline to apply a strained interpretation of Code section 40-35-402 to convey appellate jurisdiction in this case. We must remand however for entry of a corrected judgment to reflect the Defendant's theft conviction as a Class A misdemeanor. Because there is no other basis for appellate review on this record, this appeal is dismissed.

## CONCLUSION

Based on the foregoing reasoning and analysis, we remand the case to the trial court for the entry of a corrected judgment form to reflect an offense classification of a Class A misdemeanor for the Defendant's theft conviction. In all other respects, the judgment of the trial court is affirmed. This State appeal is dismissed.

_____
CAMILLE R. MCMULLEN, JUDGE