# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs April 25, 2012

## CHARLES MONTAGUE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Washington County**
**No. 37428     Lynn W. Brown, Judge**

**No. E2012-00147-CCA-R3-HC - Filed September 25, 2012**

The Petitioner, Charles Montague, appeals from the Washington County Circuit Court's summary dismissal of his petition for a writ of habeas corpus. In this appeal, the Petitioner claims entitlement to habeas corpus relief because (1) he was deprived of pretrial jail credits; (2) his sentence is disproportionate to other sentences from the trial court; (3) an illegal fine was imposed; (4) he was ordered to serve his sentence in "installments"; and (5) the indictment was improperly amended without his consent. We conclude that the Petitioner has stated a cognizable claim for habeas corpus relief with regard to his possible entitlement to pretrial jail credits. We remand for a hearing and the appointment of counsel on that issue alone. In all other respects, the judgment of the habeas corpus court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed in Part; Reversed in Part; Case Remanded**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Charles Montague, Mountain City, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and John H. Bledsoe, Senior Counsel, for the appellee, State of Tennessee.

## OPINION
## FACTUAL BACKGROUND

The Petitioner is extremely litigious, this being his third petition for a writ of habeas corpus. He has also previously filed a petition for post-conviction relief and multiple suits against a former attorney, the Johnson City Chief of Police, Washington County, and the

Department of Correction. This court has previously set out the following factual and procedural history of the Petitioner's case:

> The record reflects that the Petitioner was convicted of possession of cocaine for resale, possession of marijuana, and possession of drug paraphernalia after a 1990 jury trial in the [Washington County Circuit Court]. However, this court reversed the convictions on appeal and remanded the cases for retrial. State v. Charles Montague, 03C01-9105-CR-134, 1991 WL 236724 (Tenn. Crim. App. Nov. 15, 1991). During the pendency of the retrial for the drug offenses, the Petitioner was convicted of first degree murder and sentenced to life imprisonment; this court affirmed the conviction and sentence on appeal. State v. Charles Montague, No. 03C01-9306-CR-00192, 1994 WL 652186 (Tenn. Crim. App. Nov. 21, 1994), perm. app. denied, (Tenn. Apr. 10, 1995). Upon retrial in 1993 for the drug offenses, the [Petitioner] was once again convicted of possession of cocaine for resale, possession of marijuana, and possession of drug paraphernalia. The trial court sentenced the [Petitioner] to six years for the cocaine offense and eleven months and twenty-nine days for the misdemeanor offenses. The trial court further ordered all sentences to be served consecutively to one another and consecutively to the life sentence previously imposed for the first degree murder conviction. This court affirmed the judgments of the trial court in the drug cases. State v. Charles Montague, 03C01-9406-CR-00233, 1995 WL 509426 (Tenn. Crim. App. Aug. 29, 1995), perm. app. denied, (Tenn. Dec. 28, 1995). The Petitioner unsuccessfully sought post-conviction relief from the drug convictions, the denial of which was affirmed by this court. Charles Montague v. State, E2003-01330-CCA-R3-PC, 2001 WL 1011464 (Tenn. Crim. App. Sept. 4, 2001).

Charles Montague v. Howard Carlton, Warden, No. E2007-02823-CCA-R3-HC, 2008 Tenn. Crim. App. LEXIS 777, at *2-3 (Tenn. Crim. App. Sept. 11, 2008), perm. app. denied, (Tenn. 17, 2009).[1]

The Petitioner filed his first petition for a writ of habeas corpus in February 2002 challenging the drug convictions, alleging that the convictions were based upon insufficient evidence and that a fatal variance existed between the proof and the indictment. Id. at *3. Additionally, the Petitioner alleged that his six-year sentence for possession of cocaine for resale and sentences of eleven months and twenty-nine days for possession of marijuana and drug paraphernalia had expired. Id. The State filed a motion to dismiss the petition because

---

[1] Only the Lexis citation is currently available.

the challenged sentences were imposed consecutively to the previously imposed sentence of life imprisonment; therefore, the Petitioner had not begun to serve the sentences and could not allege that they had expired. Id. at *3-4. The habeas corpus court agreed and summarily dismissed the petition. Id. at *4.

On appeal to this court, the Petitioner argued that the judgments for the drug cases were void on their face because:

(1) they do not include pretrial jail credits to which he is entitled[;] (2) the sentences have expired[;] (3) there was a fatal variance between the indictment and the proof at trial rendering the evidence sufficient to support the convictions[;] and (4) the sentences were imposed in contravention of Blakely v. Washington, 542 U.S 296 (2004)."

Id. at *5. Upon this court's review, the panel affirmed the summary dismissal of the Petitioner's habeas corpus claims concluding that, even though the habeas corpus court was incorrect as to the expiration of the sentences, the Petitioner's allegations lacked any merit warranting habeas corpus relief. Id. at *5-7. Specifically, this court found that the Petitioner's complaints that he had not received pretrial credits, of variances in the indictment and the proof, and that the sentences had expired lacked merit. Id.

The Petitioner then filed his second petition for habeas corpus relief on April 8, 2010. See Charles Montague v. Cherry Lindamood, Warden, No. M2010-01653-CCA-R3-HC, 2010 WL 4890270, at *2 (Tenn. Crim. App. Dec. 1, 2010). In the April 8, 2010 petition, the Petitioner asserted that his judgments were void because: "(1) they do not include pretrial jail credits[;] (2) the sentences have expired[;] (3) there are fatal variances in the indictment[;] and (4) the trial court imposed a fine in excess of the statutory maximum." Id. On May 28, 2010, the habeas corpus court dismissed the petition for failure to state a claim upon which relief could be granted. Id.

The Petitioner appealed. This court affirmed, concluding that the Petitioner had failed to set forth any allegations that the trial court lacked jurisdiction to convict or sentence him or that he was unlawfully restrained for a sentence that had expired. Id. at *3. The panel reasoned that the Petitioner's first three claims had been previously determined in this court's response to the Petitioner's prior petition for habeas corpus relief. Id. at *2. As for his final claim of an illegal fine, this court held that such a claim was not proper in a petition for a writ of habeas corpus. Id.

On November 7, 2011, the Petitioner, incarcerated in Johnson County, filed the instant petition for a common law writ of certiorari or a writ of habeas corpus in the Washington

County Circuit Court. The Petitioner asserted that he filed his petition in Washington County because "the much needed records are with [that] court's files and/or custody." Before delineating his specific claims, the Petitioner noted that "[s]ome of the issues had been raised in prior proceedings but a true adjudication has not been rendered do [sic] to technical reasons." He then raised the following grounds for relief, arguing that the trial court acted illegally or without jurisdiction in the following instances: (1) by failing to grant him certain pretrial jail credits; (2) by imposing grossly disproportionate misdemeanor sentences as compared to other sentences in the same court; (3) by imposing a fine in excess of the statutory maximum; (4) by ordering that his six-year sentence "be done in installments"; and (5) by amending the indictment without his consent and after the jury was sworn.

The State filed a motion to dismiss the petition. The State responded to the Petitioner's allegations, arguing that the Petitioner had not proven that his judgments were void or that his sentences had expired. Specifically, the State contended that the Petitioner's various sentencing issues were not proper for habeas corpus relief because such "relief on sentencing issues is limited to 'fatal errors' and not issues that are generally characterized as 'appealable errors.'" The State, noting that the only issue "that might be cognizable in a habeas corpus petition" was the Petitioner's claim that he was deprived of pretrial jail credits, submitted that the Petitioner had failed to attach any documentation in support of his claim.

On December 14, 2011, the court entered an order granting the State's motion and dismissing the petition. This appeal followed.

## ANALYSIS

On appeal, the Petitioner argues that he is entitled to a relief via the common law writ of certiorari or a writ of habeas corpus. We make out five basic allegations by the Petitioner: (1) he was denied pretrial jail credits; (2) his misdemeanor sentences are disproportionate to other sentences out of that same court; (3) the fine imposed is in excess of the statutory maximum; (4) his six-year sentence was improperly ordered "to be served in installments"; and (5) the indictment was amended without his consent and after the jury was sworn in violation of double jeopardy. He contends that he filed his petition in Washington County "because the records are more readily available" in the county of conviction and that he did "not have copies of the records that are within the Washington County Sheriff's Office." The State essentially repeats the arguments made in its motion to dismiss, submitting that habeas corpus relief on sentencing issues is limited to "fatal errors" and not issues that are generally characterized as "appealable errors," and that the Petitioner did not attach sufficient documentation to support his claim that he was denied pretrial jail credits. The Petitioner filed a reply brief, contending that an illegal fine can be address via a writ of certiorari and that improper amendment to the indictment is a cognizable habeas corpus issue.

-4-

In the proceedings below, the court considered the petition as one seeking habeas corpus relief. The determination of whether to grant habeas corpus relief is a question of law and our review is de novo. Summers v. State, 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). In this state, habeas corpus relief only addresses detentions that result from void judgments or expired sentences. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Hickman v. State, 153 S.W.3d 15, 20 (Tenn. 2004) (quoting State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. Taylor, 995 S.W.2d at 83. A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005). Moreover, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Procedurally, we note that the failure to file a petition for a writ of habeas corpus in the county of incarceration, absent a sufficient reason for not doing so, is a proper basis for the dismissal of the petition. See Tenn. Code Ann. § 29-21-105. "However, if a petition does state a reason explaining why it was filed in a court other than the one nearest the petitioner, the petition may be dismissed pursuant to this section only if the stated reason is insufficient." Davis v. State, 261 S.W.3d 16, 21 (Tenn. Crim. App. 2008). In Davis, the court concluded that "the fact that the convicting court possesses relevant records and retains the authority to correct an illegal sentence at anytime is a sufficient reason under Tennessee Code Annotated section 29-21-105 for the petitioner to file in the convicting court rather than the court closest in point of distance." Id. at 22. Here, the Petitioner asserted that the Washington County Circuit Court was the convicting court, that he was unable to access all of his records, and that the convicting court had all of the necessary records pertaining to the challenged convictions. Accordingly, we conclude that the Petitioner provided a sufficient reason to file his documents in the convicting court, as opposed to the court in the county of his incarceration. See, e.g., James Hall v. State, No. M2009-00652-CCA-R3-HC, 2010 WL 4323024, at *2 (Tenn. Crim. App. Oct. 29, 2010).

Next, we will address the Petitioner's contention that his sentence is illegal because the trial court failed to grant him pretrial jail credits. An illegal sentence may be grounds for habeas corpus relief. See Cantrell v. Easterling, 346 S.W.3d 445, 453 (Tenn. 2011) (citing Moody v. State, 160 S.W.3d 512, 516 (Tenn. 2005)). "An illegal sentence is one which is 'in direct contravention of the express provisions of [an applicable statute], and consequently [is] a nullity,'" or one which is "not authorized under the applicable statutory scheme." Id. at 452 (citations omitted).

The State concedes that this court has determined this type of claim to be cognizable in a habeas corpus proceeding. See Tucker v. Morrow, 335 S.W.3d 116, 123 (Tenn. Crim. App. 2009). The award of pretrial jail credit lies strictly within the purview of the trial court rather than the Department of Correction. Id. at 122. The trial court is statutorily required to credit a petitioner with all time spent in confinement pending arraignment and trial on the offense or offenses that led to the challenged convictions. Id. at 123. The failure of the trial court to credit a petitioner with the credits mandated under section 40-23-101(c) contravenes the requirements of that statute and results, therefore, in an illegal sentence, an historically cognizable claim for habeas corpus relief. Id.

To establish the substance of this type of a claim and bring the claim within the ambit of habeas corpus review, a petitioner must show (1) that he was incarcerated "pending arraignment and trial" on the offense or offenses that led to the challenged convictions or "subsequent to" the challenged conviction or convictions and (2) that the trial court failed to award credit for the incarceration on the challenged judgment. Tucker, 335 S.W.3d at 122. Although noting a viable habeas claim, the State goes on to argue that "it is unclear from the petition and its attachments precisely what credit that the [P]etitioner claims were deprived from him" and, thus, the Petitioner is not entitled to relief. However, contrary to the State's assertion, the Petitioner sets forth the following allegation of an illegal sentence by deprivation of pretrial jail credits in his petition:

> issuing the two misdemeanor sentences of 11 months and 29 days, on Sept. 21, 1993, without granting [P]etitioner-Montague, his previously served incarcerated jail time from Sept. 27, 1991 to Nov. 22, 1991=57 days, in the Washington [C]ounty Jail, and the [M]ountain City Jail, plus the good and honor time credits; and the credits from Nov. 23, 1991 to May 5, 1992=165 days on 'O.R.-BOND.'

He further avers that his judgments for the two misdemeanor sentences "do not reflect any credits for time in jail and on the streets[.]" Moreover, we observe that the judgment forms for Counts 2 (possession of marijuana) and 3 (possession of drug paraphernalia), both attached to the petition, do not reflect any award of pretrial jail credit.

Additionally, we note that following summary dismissal of the petition, the Petitioner attempted to supplement the record in this court with a one-page document from the Washington County Detention Center reflecting his pretrial jail credits. The document reflects that, in Counts 2 and 3 of Case Number 18075, the Petitioner had served from September 27, 1991, to December 9, 1997, a total of 73 days, in the Washington County Detention Center. The document is signed by the timekeeper of Washington County Sheriff's Office. We denied supplementation of the record because there was "no indication in the record that the habeas corpus court considered or relied upon said document in denying relief."

The court below did not provide any reasoning for its summary dismissal of the petition. Thus, we do not know if the court dismissed the petition because the Petitioner had failed to attach sufficient documentation to support his claim for pretrial jail credits. Our supreme court has made it clear that to sustain a successful habeas corpus challenge via an illegal sentence claim, a petitioner must attach sufficient documentation establishing the illegality to his petition for writ of habeas corpus. Summers v. State, 212 S.W.3d 251, 261 (Tenn. 2007) ("In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions."). However, it would be incongruous for this court to hold that the Petitioner had stated a sufficient reason to file his documents in the convicting court to permit access to the necessary records, but affirm summary dismissal of said petition for failure to attach the appropriate documentation which he averred he was unable to access fully. Because this type of claim is cognizable in a habeas corpus proceeding, and because the Petitioner provided a sufficient reason for filing in the county of his conviction, summary dismissal of the pretrial jail credit claim was improper. An evidentiary hearing is required. This issue is remanded to the habeas corpus court for a determination how many, if any, credits to apply to the Petitioner's sentences on all counts[2] and to amend the judgments as appropriate. See Grimes, 2008 WL 141129, at *4.

Regarding the Petitioner's claim of an illegal fine, this issue has already been determined to be without merit in the context of a writ of habeas corpus. On appeal from dismissal of his second petition for habeas corpus relief, this court determined that such a claim was not proper in a petition for a writ of habeas corpus, reasoning as follows:

_____

[2] Also, in his petition, the Petitioner infers a possible claim for pretrial jail credits on his six-year sentence. He argues that service of six-year sentence was ordered "in installments." As discussed infra, manner of service of this sentence is not cognizable in this proceeding. However, the Petitioner further references that he began serving time on this six-year sentence before this court's reversal of that conviction and, thereafter, was not awarded pretrial jail credits when the sentence was re-imposed. The judgment form for Count 1 (possession of cocaine for resale) does not reflect any award of pretrial jail credit. On remand, the court should also address any possible claim for pretrial jail credit on this sentence.

-7-

The [Petitioner's] final claim is that the trial court imposed an illegal fine. The writ of habeas corpus is available to any person who is illegally "imprisoned or restrained of liberty." Tenn. Code Ann. § 29-21-101. "The assessment of a fine upon a defendant does not constitute imprisonment or restraint within the meaning of those terms. Moreover, the issue of a fine has no application to the question of whether the trial court was without jurisdiction to sentence the defendant or that the defendant's sentence has expired." Burrell v. Carlton, No. E2004-01700-CCA-R3-HC, 2005 WL 544732, at *2 (Tenn. Crim. App. March 8, 2005), perm. app. denied, (Tenn. June 20, 2005).

Montague, 2010 WL 4890270, at *2. The Petitioner seemingly does not dispute this determination but instead argues that he is entitled to a writ of certiorari.

Tennessee Code Annotated section 27-8-101 codified the common law writ of certiorari. The statute provides as follows:

The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

Generally, the writ of certiorari is limited in application and may not ordinarily be used "to inquire into the correctness of a judgment issued by a court with jurisdiction." State v. Adler, 92 S.W.3d 397, 401 (Tenn. 2002) (citing State v. Johnson, 569 S.W.2d 808, 815 (Tenn. 1978)). The writ properly applies when the action of the trial court is without legal authority and where no other "plain, speedy or adequate remedy" is available. Moody v. State, 160 S.W.3d 512, 515 (Tenn. 2005) (citing Adler, 92 S.W.3d at 401; Tenn. Code Ann. § 27-8-101 (2000)).

The Petitioner argues that his fine of $15,000 was in excess of the statutory maximum for a Class C felony and, thus, is not authorized by law. The Petitioner was sentenced as a Range I, standard offender for his possession of cocaine for resale conviction. A Class C felony had a range of punishment of three to six years and carried a possible fine "not to exceed ten thousand dollars ($10,000), *unless otherwise provided by statute*[.]" Tenn. Code Ann. § 40-35-111 (1989) (emphasis added). However, Tennessee Code Annotated section 39-17-417, the statute under which the Petitioner was convicted, authorized a fine of "not more than one hundred thousand dollars ($100,000)[.]" See Tenn. Code Ann. § 39-17-417(c)

(1989). The Petitioner's fine is not contrary to law, and a writ of certiorari does not apply in this case for review of the trial court's action.

The Petitioner also challenges the validity of the indictment against him, arguing that the indictment was amended without his consent and after the jury was sworn in violation of double jeopardy. Specifically, he contends that in Count 2 (possession of marijuana), "[t]he prosecutor and/or the judge removed the word 'feloniously,' that was a part of the indictment, but not apart of the formal reading or the jury charge."

A valid indictment is essential to prosecution and may be subject to attack at any time if the content does not charge an offense or does not confer jurisdiction. Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). The functions of the indictment are to provide notice of the charge, enable entry of a proper judgment upon conviction, and protect against double jeopardy. State v. Byrd, 820 S.W.2d 739, 741 (Tenn. 1991) (citing State v. Pearce, 7 Tenn. (Peck) 65, 67 (1823); State v. Haynes, 720 S.W.2d 76, 82 (Tenn. Crim. App. 1986)).

Article I, section 14 of the Tennessee Constitution provides that "no person shall be put to answer any criminal charge but by presentment, indictment or impeachment." Tenn. Const. art. I, § 14. Article I, section 9 of the Tennessee Constitution guarantees that "in all criminal prosecutions, the accused [has] the right . . . to demand the nature and cause of the accusation against him, and have a copy thereof." Tenn. Const. art. I, § 9. Regarding the necessary content of an indictment, Tennessee Code Annotated section 40-13-202 provides as follows:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment . . . .

Tenn. Code Ann. § 40-13-202.

The Petitioner attached a copy of the indictment to his petition. Count 2 of the Petitioner's indictment provided that the Petitioner "on or about the 4th day of August, 1989, . . . did unlawfully, feloniously, knowingly and intentionally have in his possession and under his control approximately three (3) cigarette butts containing Marijuana . . . ." The jury was charged with simple possession of marijuana, a misdemeanor offense. Deletion of the word feloniously did not result in the charge of a new or different offense. See State v. Jody Glen Loy, No. E2006-02206-CCA-R3-CD, 2008 WL 2229259, at *7-8 (Tenn. Crim. App. May 30, 2008) (defendant's argument "that the State, upon reading the language of Count 2 to the

jury, amended the indictment by intentionally deleting the word 'feloniously,' as contained in the indictment," was without merit). The Petitioner was apprised of the nature of the charge against him. The court of conviction had sufficient information to enter a proper judgment. <u>See</u> <u>Ronald Eugene Gilmore v. Kenneth Locke, Warden</u>, No. M2005-01235-CCA-R3-HC, 2006 WL 1097493, at *3 (Tenn. Crim. App. Mar. 30, 2006).

The Petitioner also argues that his misdemeanor sentences are disproportionate to other sentences out of that same court and that his six-year sentence was improperly ordered "to be served in installments." Only sentences containing "fatal errors," and which are therefore illegal, may be addressed through the collateral proceeding of habeas corpus. <u>See</u> <u>Cantrell v. Easterling</u>, 346 S.W.3d 445, 449-53 (Tenn. 2011). Examples of illegal sentences for which habeas corpus relief is permissible include "(1) a sentence imposed pursuant to an inapplicable statutory scheme; (2) a sentence designating a [release eligibility date] where . . . prohibited by statute; (3) a sentence ordered to be served concurrently where statutorily required to be served consecutively; and (4) a sentence not authorized for the offense by any statute." <u>Id.</u> at 452 (citing <u>Davis v. State</u>, 313 S.W.3d 751, 759 (Tenn. 2010)). These final two errors of which the Petitioner claims are "appealable errors," dealing with length and manner of service of the sentence, and cannot be classified as "fatal errors." <u>See</u> <u>id.</u> at 449-53. The Petitioner is not entitled review of these issues via a writ of habeas corpus. Moreover, review would likewise be improper via a writ of certiorari.

<u>CONCLUSION</u>

In accordance with the foregoing, the judgment of the habeas corpus court summarily dismissing the Petitioner's claim for pretrial jail credits is reversed. This case is remanded solely for an evidentiary hearing on the merits of that issue. In all other respects, the order of summary dismissal is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-10-