FILED
11/27/2019
Clerk of the
Appellate Courts

# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
May 7, 2019 Session Heard at Knoxville

## STATE OF TENNESSEE v. ASHLEY N. MENKE

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Sumner County**
**Nos. 925-CR-2015, 268-CR-2014        Joe H. Thompson, Judge**

_____

### No. M2017-00597-SC-R11-CD

_____

This appeal concerns Section 5 of the Public Safety Act of 2016, which took effect on January 1, 2017, and amended Tennessee Code Annotated section 39-14-105, the statute providing for grading of theft offenses. In 2016, before the amended statute took effect, Ashley N. Menke, the defendant, entered a guilty plea without a recommended sentence for, among other things, theft of property in the amount of $1,000 or more but less than $10,000, a Class D felony at the time of the offense. In sentencing the defendant after the amendment's effective date, the trial court applied the amended version of the statute, which graded theft in the amount of $1,000 or less as a Class A misdemeanor, and sentenced the defendant accordingly for her theft of exactly $1,000. The State appealed, and the Court of Criminal Appeals vacated the sentence and remanded to the trial court for resentencing within the applicable range for a Class D felony and consecutive alignment with the sentences for some of the defendant's other charges. We granted the defendant's application for permission to appeal in this case with direction to the parties to particularly address the following issues: (1) whether the State was entitled to pursue an appeal as of right from the trial court's decision, and (2) whether the Criminal Savings Statute, Tennessee Code Annotated section 39-11-112, should apply to the amendments of the theft grading statute. We conclude that the State had a statutory right to appeal the sentence pursuant to Tennessee Code Annotated section 40-35-402(b)(1). We further conclude, unlike the Court of Criminal Appeals, that the Criminal Savings Statute applies to the amendments to Tennessee Code Annotated section 39-14-105. Thus, the amended theft grading statute was appropriately applied by the trial court even though the offense occurred before the amendment's effective date. Therefore, the judgment of the Court of Criminal Appeals is affirmed in part and reversed in part, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Affirmed in Part, Reversed in Part; Judgment of the Trial Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JEFFREY S. BIVINS, C.J., and CORNELIA A. CLARK, SHARON G. LEE and HOLLY KIRBY, JJ., joined.

Beth A. Garrison, Hendersonville, Tennessee, for the appellant, Ashley N. Menke.

Herbert H. Slatery III, Attorney General and Reporter; Andrée Sophia Blumstein, Solicitor General; Courtney N. Orr, Assistant Attorney General; Ray Whitley, District Attorney General; and Eric Scott Mauldin, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. FACTUAL AND PROCEDURAL BACKGROUND

In July 2016, the defendant entered a guilty plea without a recommended sentence in the Criminal Court for Sumner County, Tennessee, to three misdemeanor and five felony charges. The State later dismissed Count 7 of the indictment, and the defendant pleaded guilty to Counts 1-6 and Counts 8-9.[1]

At issue on appeal before this Court is the sentence imposed for the offense in Count 9. According to the State, while the defendant was released on bail, she approached the victim claiming that she was a bail bondsman. She told the victim that she would obtain his girlfriend's release from jail for $1,000. This, however, was a ruse because the defendant was not, in fact, a bail bondsman.

In the defendant's petition to enter a guilty plea, she listed the "conviction offense" for Count 9 as "theft over $1,000"[2] and acknowledged the sentencing range for

---

[1] These nine charges relate to Case Number 925-CR-2015. The defendant also pleaded guilty to a probation violation in Case Number 268-CR-2014, which is listed in the caption of this opinion, but the charges in Case Number 268-CR-2014 are not at issue.

[2] The offense at issue was repeatedly referred to as "theft of property over $1,000." As the Court of Criminal Appeals noted, "[T]he statute provided Class D felony status for theft equal to $1,000.00, and did not set a minimum of 'over $1,000.00' as stated by the trial court." *State v. Menke*, No. M2017-00597-CCA-R3-CD, 2018 WL 2304275, at *1 (Tenn. Crim. App. May 21, 2018), *perm. app. granted* (Tenn. Oct. 11, 2018).

- 2 -

the offense as "2-4 [years]." On July 20, 2016, the trial court accepted the defendant's plea and scheduled the matter for sentencing.

On December 2, 2016, the trial court held a sentencing hearing after which the court took the matter under advisement and directed the parties to submit briefs regarding sentencing. The State requested that, for Count 9, the court sentence the defendant to two to four years for a Class D felony. The State further requested that the sentence for Count 9 run consecutively to the sentences for the defendant's additional charges in Counts 3-6 because she was released on bail for these charges when she committed the offense in Count 9. *See* Tenn. Code Ann. § 40-20-111(b) (mandating consecutive sentencing "[i]n any case in which a defendant commits a felony while the defendant was released on bail in accordance with chapter 11, part 1 of this title"); Tenn. R. Crim. P. 32(c)(3)(C) (mandating consecutive sentencing "for a felony committed while the defendant was released on bail and the defendant is convicted of both offenses").

The defendant, however, filed a responsive brief on February 3, 2017, requesting that the court sentence her under the new "theft classifications, which went into effect on January 1, 2017." The defendant cited to the Public Safety Act of 2016, which amended the theft grading statute, Tennessee Code Annotated section 39-14-105(a). According to the defendant, the amendments "reduce[d] Count 9 to a misdemeanor," and therefore, she argued that the Criminal Savings Statute, Tennessee Code Annotated section 39-11-112, required the court "to sentence the Defendant under the most recent theft classifications" because "the subsequent [classification] provides for a lesser penalty." The defendant further argued that because "Count 9 is no longer a felony," consecutive sentencing was not mandated under Rule 32 of the Tennessee Rules of Criminal Procedure.

The trial court issued its order on March 10, 2017, in which it sentenced the defendant as follows:[3]

---

[3] The following chart was derived from the trial court's sentencing order and lists the sentences for the offenses charged in Case Number 925-CR-2015. In addition to the listed sentences, the trial court revoked the defendant's probation in Case Number 268-CR-2014. She was sentenced "to time served, with the balance on probation." As a condition of her probation, the defendant was ordered to complete a six-month drug treatment program.

|   | **Offense** | **Sentence** | **Manner of Service** |
|---|---|---|---|
| 1 | Theft: $500 or less | 11/29 at 30% | Concurrent with all counts |
| 2 | Theft: $500 or less | 11/29 at 30% | Concurrent with all counts |
| 3 | Forgery: more than $500 but less than $1,000 | 1 year at 30% with jail credit from 9-10-15 to 9-11-15 | Concurrent with all counts |
| 4 | Theft: $10,000 or more but less than $60,000 | 3 years at 30% suspended to State probation | Concurrent with all counts, consecutive to case 268-CR-2014 |
| 5 | Forgery: more than $500 but less than $1,000 | 1 year at 30% | Concurrent with all counts |
| 6 | Criminal Simulation | 1 year at 30% | Concurrent with all counts |
| 8 | Criminal Impersonation | 6 months at 30% | Concurrent with all counts |
| 9 | Theft: $1,000 | 11/29 at 30% | Concurrent with all counts |

As is relevant to the present appeal, defendant was sentenced to eleven months, twenty-nine days on Count 9, and the trial court ordered the sentence for Count 9 to run concurrently with the sentences for the remaining counts for an effective three-year sentence in Case Number 925-CR-2015. The trial court noted that the defendant was released on bail when she committed the offense in Count 9; however, the court found that consecutive sentencing was not mandated because "[a]lthough the Defendant was on bail when the felony charged in count 9 was committed, that crime has been re-classified as a Class A misdemeanor."

The judgment for Count 9 listed the "Conviction Offense" as "39-14-105 – Theft of Property – $1,000-$10,000." The form further indicated that the conviction class for Count 9 was a "D" felony and listed an eleven-month, twenty-nine-day sentence length. The trial court later entered a corrected order clarifying that, pursuant to the Criminal Savings Statute, Count 9 must be punished as a Class A misdemeanor.

The State filed a "Motion to Correct Illegal Sentence," *see* Tenn. R. Crim. P. 36.1, but it later withdrew the motion and filed a timely notice of appeal claiming that the trial court improperly sentenced the defendant to eleven months, twenty-nine days and improperly ordered the sentence to be served concurrently rather than consecutively to the defendant's other sentences. The Court of Criminal Appeals affirmed the defendant's conviction but vacated the sentence in Count 9. *State v. Menke*, No. M2017-00597-CCA-R3-CD, 2018 WL 2304275, at *7-8 (Tenn. Crim. App. May 21, 2018), *perm. app. granted* (Tenn. Oct. 11, 2018). It remanded the case to the trial court for resentencing of Count 9 within the applicable range for a Class D felony and for consecutive alignment of the sentence. *Id.* at *8.

## II. ISSUES PRESENTED

We granted the defendant's application for permission to appeal[4] and specifically directed the parties to brief the following issues:

1. Whether the State may pursue an appeal as of right from the trial court's application of the Criminal Savings Statute, codified at Tennessee Code Annotated section 39-11-112, in sentencing the defendant for theft offenses that were committed before the effective date of the amendments to Tennessee Code Annotated section 39-14-105.

2. Whether the Criminal Savings Statute should apply to the amendments of Tennessee Code Annotated section 39-14-105.

For the following reasons, we affirm the decision of the Court of Criminal Appeals in part and reverse in part. The trial court's sentencing order is affirmed.

## III. ANALYSIS

At the outset, we note that this case involves multiple issues of statutory construction. As issues involving statutory construction present questions of law, we review such questions de novo with no presumption of correctness. *State v. Dycus*, 456

---

[4] We granted permission to appeal in the present case along with *State v. Tolle*, No. E2017-00571-CCA-R3-CD, 2018 WL 1661616 (Tenn. Crim. App. Mar. 19, 2018), *perm. app. granted* (Tenn. Aug. 9, 2018) and *State v. Keese*, No. E2016-02020-CCA-R3-CD, 2018 WL 1353697 (Tenn. Crim. App. Mar. 15, 2018), *perm. app. granted* (Tenn. Aug. 9, 2018). The three cases were scheduled to be heard together at oral argument, but *Keese* and *Tolle* are each the subject of separate opinions released concurrently herewith.

- 5 -

S.W.3d 918, 924 (Tenn. 2015) (citing *State v. Springer*, 406 S.W.3d 526, 532-33 (Tenn. 2013); *State v. Marshall*, 319 S.W.3d 558, 561 (Tenn. 2010); *State v. Wilson*, 132 S.W.3d 340, 341 (Tenn. 2004)); *Carter v. Bell*, 279 S.W.3d 560, 564 (Tenn. 2009).

When engaging in statutory interpretation, "well-defined precepts apply." *State v. McNack*, 356 S.W.3d 906, 908 (Tenn. 2011). "The most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995) (citing *State v. Sliger*, 846 S.W.2d 262, 263 (Tenn. 1993)); *Carter*, 279 S.W.3d at 564 (citing *State v. Sherman*, 266 S.W.3d 395, 401 (Tenn. 2008)). In construing statutes, Tennessee law provides that courts are to avoid a construction that leads to absurd results. *Tennessean v. Metro. Gov't of Nashville*, 485 S.W.3d 857, 872 (Tenn. 2016). "Furthermore, the 'common law is not displaced by a legislative enactment, except to the extent required by the statute itself.'" *Wlodarz v. State*, 361 S.W.3d 490, 496 (Tenn. 2012) (quoting *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 679 (Tenn. 2002)), *abrogated on other grounds by*, *Frazier v. State*, 495 S.W.3d 246 (Tenn. 2016). "When statutory language is clear and unambiguous, we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would extend the meaning of the language . . . ." *Carter*, 279 S.W.3d at 564 (citations omitted).

**A. Jurisdiction**

We first consider, as we must, whether this Court is authorized to hear the case before us. Concerning the State's right to appeal in a criminal case, this Court has previously explained:

Under the common law, as understood and applied in the United States, neither a state nor the United States had a right to appeal in a criminal prosecution, unless the right is expressly conferred by a constitutional provision or by statute. *Arizona v. Manypenny*, 451 U.S. 232, 246, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981); *United States v. Sanges*, 144 U.S. 310, 312, 12 S.Ct. 609, 36 L.Ed. 445 (1892); *State v. Reynolds*, 5 Tenn. (4 Hayw.) 110, 110 (1817). A general grant of appellate jurisdiction does not satisfy this requirement. *United States v. Sanges*, 144 U.S. at 322–23, 12 S.Ct. 609; *State v. Reynolds*, 5 Tenn. (4 Hayw.) at 110–11. When a statute affords a state or the United States the right to an appeal in a criminal proceeding, the statute will be strictly construed to apply only to the circumstances defined in the statute. *Carroll v. United States*, 354 U.S.

- 6 -

394, 400, 77 S.Ct. 1332, 1 L.Ed.2d 1442 (1957); *State v. Adler*, 92 S.W.3d 397, 400 (Tenn. 2002).

*State v. Meeks*, 262 S.W.3d 710, 718 (Tenn. 2008).

The State filed a notice of appeal to the Court of Criminal Appeals citing Tennessee Code Annotated section 40-35-402(b) as authority to appeal the trial court's ruling. Section 40-35-402 provides that "[t]he district attorney general in a criminal case may appeal from the length, range or manner of the service of the sentence imposed by the sentencing court
. . . . [and] may also appeal the imposition of concurrent sentences." Tenn. Code Ann. § 40-35-402(a). Specifically, the statute provides for a State appeal of a sentence in the following circumstances:

> (1) The court improperly sentenced the defendant to the wrong sentence range;
> (2) The court granted all or part of the sentence on probation;
> (3) The court ordered all or part of the sentences to run concurrently;
> (4) The court improperly found the defendant to be an especially mitigated offender;
> (5) The court failed to impose the fines recommended by the jury;
> (6) The court failed to order the defendant to make reasonable restitution; or
> (7) The sentence is inconsistent with the purposes or considerations of sentencing set out in §§ 40-35-102 and 40-35-103.

Tenn. Code Ann. § 40-35-402(b). The Court of Criminal Appeals explained, in a footnote, that it found the State to have authority to appeal pursuant to section 40-35-402(b)(1) and (b)(3). *Menke*, 2018 WL 2304275, at \*7 n.9. Ultimately, we agree with the Court of Criminal Appeals that the State had the right to appeal—and thus we have jurisdiction—under section 40-35-402(b), though the issue merits further discussion.

The defendant argues on appeal before this Court[5] that the subject statute cannot provide the State with the right to appeal because "the [Tennessee] Rules of Appellate

---

[5] The State argues that the defendant has waived this argument concerning appellate jurisdiction for two reasons. First, the State points out that the defendant failed to raise the issue of appellate jurisdiction before the Court of Criminal Appeals. *See Dye v. Witco Corp.*, 216 S.W.3d 317, 321 (Tenn. 2007) (holding that an issue raised for the first time on appeal is waived). In addition, the State argues

Procedure are the exclusive source of such a right." Indeed, Tennessee Rule of Appellate Procedure 3 grants the State in a criminal case the right to appeal in certain limited circumstances:

> **(c) Availability of Appeal as of Right by the State in Criminal Actions.** In criminal actions an appeal as of right by the state lies only from an order or judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) the substantive effect of which results in dismissing an indictment, information, or complaint; (2) setting aside a verdict of guilty and entering a judgment of acquittal; (3) arresting judgment; (4) granting or refusing to revoke probation; or (5) remanding a child to the juvenile court. The state may also appeal as of right from a final judgment in a habeas corpus, extradition, or post-conviction proceeding, from an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, and from a final order on a request for expunction.

Tenn. R. App. P. 3(c).

However, Rule 37 of the Tennessee Rules of Criminal Procedure also directly addresses appeals in criminal cases and provides, in pertinent part:

> **(a) Definition of an Appeal.** An "appeal" refers to direct appellate review available as a matter of right, appeals in the nature of writs of error, and all other direct appeals in criminal cases.

---

that although the defendant raised the issue of appellate jurisdiction in her Rule 11 application for permission to appeal to this Court, she failed to raise these specific arguments therein. *See State v. Bishop*, 431 S.W.3d 22, 43 (Tenn. 2014) (stating that to preserve an issue for review by this Court, "the issue must be . . . properly raised in the Tenn. R. App. P. 11 application for permission to appeal or in the answer to the Tenn. R. App. P. 11 application."). Indeed, in her brief on appeal, the defendant frames her argument differently than in her application for permission to appeal. She now frames her argument as a constitutional one: whether Tennessee Code Annotated section 40-35-402(b) violates separation of powers or constitutional restrictions on the State's ability to appeal in criminal cases. Regardless, we need not consider this question of waiver because the present issue is, at its core, one of subject matter jurisdiction, and Tennessee Rule of Appellate Procedure 13(b) directs us to consider "whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review[.]" Tenn. R. App. P. 13(b). We will, therefore, consider the defendant's arguments.

**(b) When as Appeal Lies.** *The defendant or the state may appeal any order or judgment in a criminal proceeding when the law provides for such appeal.*

Tenn. R. Crim. P. 37(a)-(b) (emphasis added); *see also State v. Russell*, 800 S.W.2d 169, 171 (Tenn. 1990) (citing an older version of the statute and concluding that although "Rule 3 does not expressly provide that the State is entitled to appeal this sentencing issue . . . this right of appeal is given to the State by statute.").[6] Thus, we cannot agree with the defendant's assertion that Tennessee Rule of Appellate Procedure 3 is the exclusive source of the State's right to appeal. Here, the State utilized another avenue of challenging the imposed sentence by filing a notice of appeal pursuant to Tennessee Code Annotated section 40-35-402(b). Section 40-35-402(b) is a "law" that provides the State with a right of appeal in a number of circumstances, including—as is relevant here— where the State alleges that "[t]he court improperly sentenced the defendant to the wrong sentence range." Tenn. Code Ann. § 40-35-402(b)(1).

Having determined that Tennessee Code Annotated section 40-35-402(b) *may* serve as a statutory basis for the State's appeal, we now discuss whether the statute authorized the State to do so in the case at hand. We conclude that subsection -402(b)(1), which allows a State appeal where "[t]he court improperly sentenced the defendant to the wrong *sentence range*," applies here. Tenn. Code Ann. § 40-35-402(b)(1) (emphasis added).

---

[6] Although this Court has recognized the State's statutory authority to appeal certain sentencing decisions, the defendant cites to previous Tennessee Supreme Court opinions claiming that our "more recent decisions have consistently recognized Rule 3 as the exclusive source of the right to appeal in criminal cases." *See, e.g.*, *Meeks*, 262 S.W.3d at 718-19 and n.7 ("Tennessee's [early] statutes governing the State's right to appeal in criminal cases were replaced by the Tennessee Rules of Appellate Procedure, which became effective on July 1, 1979."); *State v. Adler*, 92 S.W.3d 397, 400 (Tenn. 2002) ("The plain language of the rule enumerates the six instances in which the State may appeal as of right and states that they are the 'only' instances that give the State such a right."). We disagree with the defendant's interpretation of these decisions. It is clear that the referenced discussion in *Adler* was specifically limited to Tennessee Rule of Appellate Procedure 3 and the State's authorization for an appeal as of right granted therein. We cannot agree that it was the intention of the *Adler* court to exclude any other avenue of appeal granted by the legislature. Moreover, the particular statute at issue—section 40-35-402—was passed by the legislature in 1989, 1989 Tenn. Pub. Acts, ch. 591, sec. 6, a decade after the first Tennessee statutes giving the State a right to appeal in criminal cases were supplanted by our Rules of Appellate Procedure. *See Adler*, 92 S.W.3d at 400-01 ((quoting *Wilson v. Johnson Cnty.*, 879 S.W.2d 807, 810 (Tenn.1994)) ("When interpreting statutes, this Court notes that 'the Legislature is presumed to have knowledge of its prior enactments and to know the state of the law at the time it passes legislation.'").

"Sentence Ranges" are set out in Tennessee Code Annotated section 40-35-112, which provides for three such ranges: Range I, Range II, and Range III. It states:

(a) A Range I sentence is as follows:
(1) For a Class A felony, not less than fifteen (15) nor more than twenty-five (25) years;
(2) For a Class B felony, not less than eight (8) nor more than twelve (12) years;
(3) For a Class C felony, not less than three (3) nor more than six (6) years;
(4) For a Class D felony, not less than two (2) nor more than four (4) years; and
(5) For a Class E felony, not less than one (1) nor more than two (2) years.
(b) A Range II sentence is as follows:
(1) For a Class A felony, not less than twenty-five (25) nor more than forty (40) years;
(2) For a Class B felony, not less than twelve (12) nor more than twenty (20) years;
(3) For a Class C felony, not less than six (6) nor more than ten (10) years;
(4) For a Class D felony, not less than four (4) nor more than eight (8) years; and
(5) For a Class E felony, not less than two (2) nor more than four (4) years.
(c) A Range III sentence is as follows:
(1) For a Class A felony, not less than forty (40) nor more than sixty (60) years;
(2) For a Class B felony, not less than twenty (20) nor more than thirty (30) years;
(3) For a Class C felony, not less than ten (10) nor more than fifteen (15) years;
(4) For a Class D felony, not less than eight (8) nor more than twelve (12) years; and
(5) For a Class E felony, not less than four (4) nor more than six (6) years.

Tenn. Code Ann. § 40-35-112. This specific section alone, however, does not allow a trial court determine the correct sentence for a particular defendant. It must be read in concert with the preceding sections.

Code sections 40-35-105 to -112 provide for offender classification, offense classification, authorized terms of imprisonment, and sentence range, respectively. These have been described as the "essential variables in the mathematical equation" that is used to determine a defendant's sentence. *State v. Crosland*, No. M2017-01232-CCA-R3-CD, 2018 WL 3092903, at *4 (Tenn. Crim. App. June 21, 2018) (Easter, J., dissenting).

The first variable in this statutory scheme is the offender class, which is addressed in sections 40-35-105 to -109. There are five potential classifications, each of which is the subject of a separate statute: 1) standard offender, Tenn. Code Ann. § 40-35-105; 2) multiple offender, *id.* at § 40-35-106; 3) persistent offender, *id.* at § 40-35-107; 4) career offender, *id.* at § 40-35-108; and 5) especially mitigated offender, *id.* at § 40-35-109. As the statutes provide, a defendant's offender classification is based on the defendant's prior convictions. Each offender classification statute also directs the trial court to apply a particular sentence range pursuant to section 40-35-112. For example, the statute concerning standard offenders states that "[t]he sentence for a standard offender is within Range I." *Id.* at § 40-35-105(b).

The next variable is the offense class, which is addressed in section 40-35-110. It provides for eight classifications, which are divided into felonies and misdemeanors.

(a) Felonies are classified for the purpose of sentencing into five (5) categories:
(1) Class A felonies;
(2) Class B felonies;
(3) Class C felonies;
(4) Class D felonies; and
(5) Class E felonies.

. . . .

(c) Misdemeanors are classified for the purpose of sentencing into three (3) categories:
(1) Class A misdemeanors;
(2) Class B misdemeanors; and
(3) Class C misdemeanors.

- 11 -

*Id.* at § 40-35-110 (a), (c). Specific criminal offenses defined by other sections in Title 39 are assigned a corresponding offense class therein. *See, e.g., id.* § 39-14-105.

Next, section 40-35-111 provides an authorized term of imprisonment and fine for each offense class. For example, the authorized term of imprisonment for a Class E felony is "not less than one (1) year nor more than (6) years." *Id.* at § 40-35-111(b)(5).

This brings us back to section 40-35-112, titled "Sentence Ranges." This section specifies a narrower range within the authorized term of imprisonment based on the applicable offender classification. Thus, the sentence range "specifically takes into account both *offense* and *offender* classification—the first two variables in the sentencing equation. In this section, offender classification is one factor in determining the range and offense classification the other factor. When offender classification and offense classification are combined, they equal the sentencing range." *Crosland*, 2018 WL 3092903, at *5. Stated differently, both the offender class and the offense class are essential to determining the appropriate sentence range for a particular defendant.

We recognize that, here, the crux of the State's argument actually concerns the *offense class*. Specifically, it argues that the defendant was improperly sentenced for a Class A misdemeanor rather than a Class D felony. Our intermediate appellate court has discussed the application of subsection -402(b)(1) in this precise context in several recent opinions, two of which we consider in conjunction with the case at hand. *See State v. Tolle*, No. E2017-00571-CCA-R3-CD, 2018 WL 1661616, at *3 (Tenn. Crim. App. Mar. 19, 2018), *perm. app. granted* (Tenn. Aug. 9, 2018); *State v. Keese*, No. E2016-02020-CCA-R3-CD, 2018 WL 1353697, at *3-4 (Tenn. Crim. App. Mar. 15, 2018), *perm. app. granted* (Tenn. Aug. 9, 2018); *see also, State v. Swinford*, No. E2017-01164-CCA-R3-CD, 2018 WL 1831126, at *8 n.2 (Tenn. Crim. App. Apr. 17, 2018); *State v. Cross*, No. E2017-00572-CCA-R3-CD, 2018 WL 2065558, at *2-3 (Tenn. Crim. App. May 3, 2018). In one recent opinion, the Court of Criminal Appeals concluded that subsection -402(b)(1) does not serve as a basis for appellate jurisdiction where, as here, the State challenges the trial court's application of the amended version of the theft grading statute. *Keese*, 2018 WL 1353697, at *4. It reasoned:

> The amendment to Code section 39-14-105 altered only the relationship between the value of property taken during a theft and offense classification, in some situations adjusting the class of offense at issue. The amendment did not alter the law setting sentencing ranges. Sentencing range and offense class are not the same. Both offenses and offenders are

classified by the legislature, and the Code then provides a range of punishment for each combination of offense and offender class. . . . The question in [*Keese*] is not the appropriate range classification but whether the defendant's conviction of theft of property . . . should be classified as a Class D felony, pursuant to the law in effect at the time of the crime, or a Class E felony, pursuant to amended Code section 39-14-105.

*Id.* (citations omitted); *see also Tolle*, 2018 WL 1661616, at *4.

We agree that sentencing ranges and offense classifications are not the same; however, as discussed above, the offense class is an indispensable variable in the calculation of a defendant's sentence range. While distinct, the two concepts under this statutory scheme cannot be separated. A trial court's improper application of either the offender classification or the offense classification will directly result in a "wrong sentence range." Accordingly, because this appeal involves offense classification, it necessarily involves sentence range. We, therefore, agree with the determination of the Court of Criminal Appeals in the case before us that section 40-35-402(b)(1) served as a basis for appellate jurisdiction in this instance. As such, we need not consider whether subsection 402(b)(3) also applies.

### B. Applicability of Amended Theft Grading Statute

We now turn to the issue of whether the amendments to Tennessee Code Annotated section 39-14-105 are applicable when, as in the present case, the offense occurred before the amendments' effective date and the defendant was sentenced after the effective date. We reiterate that our review of this question of statutory construction is de novo with no presumption of correctness. *State v. Howard*, 504 S.W.3d 260, 267 (Tenn. 2016).

Tennessee Code Annotated section 39-14-103 is "the primary generic theft statute," Tenn. Code Ann. § 39-14-103, Sentencing Comm'n Cmts., and provides: "A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103(a). Next, under section 39-14-105, which we refer to as the theft grading statute, the Code outlines the range of "the value of the property or services obtained" for each offense class. *Id.* § 39-14-105(a). The Court of Criminal Appeals aptly explained the procedural process relating to these statutes as follows:

- 13 -

[A] jury only determines value after the jury determines beyond a reasonable doubt that a defendant committed theft. . . . After the jury determines that the accused is guilty of theft and determines the value of the stolen property, the trial court uses a jury's determination of value to establish the class of the theft offense under Tennessee Code Annotated section 39–14–105(a) and based on the class of the offense imposes an authorized term of imprisonment and fine . . . .

*Menke*, 2018 WL 2304275, at *3.

Prior to January 1, 2017, the theft grading statute provided, in relevant part:

(a) Theft of property or services is:

(1) A Class A misdemeanor if the value of the property or services obtained is five hundred dollars ($500) or less;

(2) A Class E felony if the value of the property or services obtained is more than five hundred dollars ($500) but less than one thousand dollars ($1,000);

(3) A Class D felony if the value of the property or services obtained is one thousand dollars ($1,000) or more but less than ten thousand dollars ($10,000)[.]

Tenn. Code Ann. § 39-14-105(a) (2014).

However, the Public Safety Act of 2016 was enacted on April 27, 2016, and it amended, among other things, section 39-14-105(a). Specifically, section 5 of the Public Safety Act of 2016 modified the grading of theft offenses as follows:

SECTION 5. Tennessee Code Annotated, Section 39-14-105(a), is amended by deleting the subsection in its entirety and substituting instead the following language:

(a) Theft of property or services is:

(1) A Class A misdemeanor if the value of the property or services obtained is one thousand dollars ($1,000) or less;

- 14 -

(2) A Class E felony if the value of the property or services obtained is more than one thousand dollars ($1,000) but less than two thousand five hundred dollars ($2,500);

(3) A Class D felony if the value of the property or services obtained is two thousand five hundred dollars ($2,500) or more but less than ten thousand dollars ($10,000)[.]

2016 Tenn. Pub. Acts, ch. 906, sec. 5.[7]

Thus, at the time the defendant committed the offense in Count 9, theft of $1,000 constituted a Class D felony, Tenn. Code Ann. § 39-14-105(a)(3) (2014), but after January 1, 2017,[8] theft of $1,000 constituted a Class A misdemeanor. Tenn. Code Ann. § 39-14-105(a)(1) (2017); 2016 Tenn. Pub. Acts, ch. 906, sec. 5.

As a general rule, "a criminal offender must be sentenced pursuant to the statute in effect at the time of the offense." *State v. Smith*, 893 S.W.2d 908, 919 (Tenn. 1994) (citing *State v. Reed*, 689 S.W.2d 190, 196 (Tenn. Crim. App. 1984); 24 C.J.S. *Criminal Law* § 1462 (1989)). Even so, our legislature has enacted a Criminal Savings Statute, which requires courts to apply a subsequent statute to a defendant's sentencing if the subsequent statute provides for a lesser penalty:

When a penal statute or penal legislative act of the state is repealed or amended by a subsequent legislative act, the offense, as defined by the statute or act being repealed or amended, committed while the statute or act was in full force and effect shall be prosecuted under the act or statute in effect at the time of the commission of the offense. Except as provided under § 40-35-117, in the event the subsequent act *provides for a lesser*

---

[7] While section 5 provided new ranges of "the value of the property or services obtained" for Class A misdemeanor, Class E felony, and Class D felony theft, the ranges for Class C, Class B, and Class A felony theft—subsections (4)-(6)—remained the same. 2016 Tenn. Pub. Acts, ch. 906, sec. 5.

[8] Pursuant to section 17 of the Public Safety Act, the amendments to the Theft Grading Statute became effective on January 1, 2017. 2016 Tenn. Pub. Acts, ch. 906, sec. 17. The language of the Public Safety Act actually provided for two separate effective dates, but because its amendments to the particular statute at issue here do not relate to "promulgating rules, policies, forms, and procedures" or "making necessary provisions for the implementation of this act," only the January 1, 2017 effective date is relevant here. This is not disputed by the parties.

*penalty*, any punishment imposed shall be in accordance with the subsequent act.

Tenn. Code Ann. § 39-11-112 (emphasis added); *see also State v. Cauthern*, 967 S.W.2d 726, 747 (Tenn. 1998) ("[T]he general provisions of [section] 39-11-112 and the principles against retroactive application of statutes mandate that an offense committed under a repealed or amended law shall be prosecuted under that law, unless the new law provides for a lesser penalty."). This "lesser penalty" language is now at issue.

The Court of Criminal Appeals has issued several opinions addressing the subject amendments to the theft grading statute and whether they "provide[ ] for a lesser penalty," therefore, requiring the application of the "subsequent act." *See, e.g.*, *State v. Goldberg*, No. M2017-02215-CCA-R3-CD, 2019 WL 1304109, at *19-22 (Tenn. Crim. App. Mar. 20, 2019); *Menke*, 2018 WL 2304275, at *5-8; *Swinford*, 2018 WL 1831126, at *8-10; *Tolle*, 2018 WL 1661616, at *7-11; *Keese*, 2018 WL 1353697, at *7-12; *see also State v. Odom*, No. W2018-00634-CCA-R3-CD, 2019 WL 1126068, at *9 (Tenn. Crim. App. Mar. 12, 2019) (citing to recent cases holding that the Criminal Savings Statute applies to the amendments to the theft grading statute and reducing the defendant's sentence sua sponte); *Crosland*, 2018 WL 3092903, at *3 (remanding for resentencing under the amended theft grading statute where, although the offense was committed prior to the amendments, the defendant was sentenced after the effective date). With the exception of the present case, our intermediate appellate court has held that the Criminal Savings Statute *does* apply to allow a defendant convicted of an offense that occurred before the effective date of the Public Safety Act to be sentenced under the amended version of the theft grading statute.

In so holding in *State v. Keese*, the Court of Criminal Appeals determined that "the specific value of the property taken is not an element of the generic theft offense." *Keese*, 2018 WL 1353697, at *9. It also cited to the Tennessee Sentencing Commission comment to the theft grading statute, which states: "This section provides the *punishment* for the offenses of theft. These offenses are punished according to the value of the property or services obtained." Tenn. Code Ann. § 39-14-105, Sentencing Comm'n Cmts. (emphasis added). The *Keese* panel therefore concluded, "Because [the theft grading statute] provides the penalty for theft based upon the value of the property taken, any amendment to that statute that lessens the penalty falls squarely within the 'exception' to [the Criminal Savings Statute]." 2018 WL 1353697, at *9.[9] In *State v.*

---

[9] In *Keese*, the trial court sentenced the defendant under the amended theft grading statute. *Keese*, 2018 WL 1353697, at *7. Although the Court of Criminal Appeals concluded that the Criminal

- 16 -

*Tolle*, which was filed within days of the *Keese* decision, the same panel of the intermediate appellate court again held that the Criminal Savings Statute applied to the amendments to the theft grading statute using identical reasoning.[10] *Tolle*, 2018 WL 1661616, at *7-10.

In two subsequent opinions, *State v. Swinford* and *State v. Goldberg*, separate panels of the intermediate appellate court considered the same issue—the application of the Criminal Savings Statute to the amended theft grading statute—where the subject defendants were convicted of vandalism prior to effective date of the Public Safety Act. *Goldberg*, 2019 WL 1304109, at *19-22; *Swinford*, 2018 WL 1831126, at *8-10. Notably, the statute criminalizing vandalism provides that the offense "shall be punished as for theft under § 39-14-105, after determining value under § 39-11-106." Tenn. Code Ann. § 39-14-408(c)(2). Both the *Swinford* and *Goldberg* panels partially relied on the reasoning supplied by *Keese* but also gave significant weight to the vandalism statute's direction to look to the theft grading statute to punish the offense. *Goldberg*, 2019 WL 1304109, at *22; *Swinford*, 2018 WL 1831126, at *10.

Here, the *Menke* panel of the Court of Criminal Appeals determined that the Criminal Savings Statute does not apply to the amended theft grading statute. Emphasizing that "value is an essential element of the offense of theft," *Menke*, 2018 WL 2304275, at *5, the court concluded that the Public Safety Act "redefine[d] the three lowest grades of theft by changing the essential element of value necessary to constitute those offenses. . . , [which] creates a new and different offense." *Id.* (citing *Godsey v. State*, No. 03C01-9308-CR-00280, 1994 WL 419020, at *4 (Tenn. Crim. App. Aug. 11, 1994); *State v. Brimmer*, No. E2014-01393-CCA-R3-CD, 2014 WL 7201795, at *2-3 (Tenn. Crim. App. Dec. 18, 2014)). It stated that the theft grading statute "does not now, nor has it ever, provided the *punishment* for theft . . . [but] only provides a system for grading theft based on the value of the property taken and the corresponding class of the offense within the classification system . . . ." *Id.* at *7. Consequently, the intermediate appellate court concluded that the Criminal Savings Statute did not apply so as to permit sentencing pursuant to the amended theft grading statute. *Id.* at *7-8.

---

Savings Statute applied to the amended statute, it vacated the sentence imposed by the trial court because the defendant was sentenced before the statute's effective date. *Id.* at *10-11.

[10] The trial court in *Tolle*, in revoking the defendant's probation, resentenced him under the amended Theft Grading Statute. *Tolle*, 2018 WL 1661616, at *1-2. Although the Court of Criminal Appeals reached the same conclusion regarding the Criminal Savings Statute as it did in *Keese*, the court nevertheless reversed the sentence imposed by the trial court because it determined that the trial court erred in altering the class of conviction after revoking probation. *Id.* at *10-11.

Given the split of authority between the different panels of the Court of Criminal Appeals, this Court now takes the opportunity to resolve the issue. *See* Tenn. R. App. P. 11(a)(1) (indicating that this Court can consider "the need to secure uniformity of decision" in considering whether to grant permission to appeal).

After our thorough review, we are persuaded that the Criminal Savings Statute does apply to the amended theft grading statute. We remain particularly unconvinced that the value of the stolen property was intended to be an essential element of the offense of theft. This Court has made clear that value is a *jury question*. *See State v. Hamm*, 611 S.W.2d 826, 828-29 (Tenn. 1981) ("In determining the value of stolen property . . . , the trier of fact is to determine the fair cash market value of the stolen property at the time and place of the theft . . . ."). Still, it does not necessarily follow that value is an *essential element*. As noted above, the fair market value of the stolen property is a question determined by the jury after the defendant is found guilty of theft beyond a reasonable doubt. It is a separate determination made after a defendant's guilt has been established and pursuant to a different statute. Moreover, the inability to ascertain the stolen property's value is not fatal to the State's charge against the defendant. *See* Tenn. Code Ann. § 39-11-106(36)(C) (2014) ("If property or service has value that cannot be ascertained . . . , the property or service is deemed to have a value of less than fifty dollars ($50.00)[.]") We, therefore, agree with the *Keese* panel of the Court of Criminal Appeals that the value of the stolen property is not an essential element of the offense of theft.[11]

Had we reached the opposite conclusion, as did the *Menke* panel in this case, we might agree with the notion that an amendment thereof would redefine the theft offenses at issue, rather than changing the punishment for the existing offenses. *See Brimmer*, 2014 WL 7201795, at *2 (explaining, where the legislature changed an element of the offense, that "[t]hough called the same thing, aggravated kidnapping before 1990 is a different crime than aggravated kidnapping after 1990 . . . ."). It is true that, in actuality, Section 5 of the Public Safety Act removed and replaced the value ranges for each corresponding offense class. However, because we have determined that the value of the

---

[11] To the extent that courts of this State have held otherwise, those cases are hereby expressly overruled. *See, e.g.*, *State v. Carter*, No. M2014-01532-CCA-R3-CD, 2016 WL 7799281, at *22 (Tenn. Crim. App. Mar. 8, 2016) ("The value of the property taken is an element of the offense of theft."); *State v. Finch*, 465 S.W.3d 584, 605 (Tenn. Crim. App. 2013) (citing the theft grading statute and concluding "the apparent value of the forged writing is an essential element of the Class D felony of forgery").

stolen property is not an essential element of the offense of theft, we likewise conclude that the substitution of the value ranges did not create new offenses that "had not existed under the pre-2017 version of [the theft grading statute]," as the State suggests. Instead, the amendments effectively changed the punishment for certain theft offenses.

The clearest example is the fact pattern presented here. Prior to January 1, 2017, theft of $1,000 was punished as a Class D felony, Tenn. Code Ann. § 39-14-105(a)(3) (2014), carrying a penalty of not less than two years nor more than twelve years imprisonment, *id.* § 40-35-111(b). After January 1, 2017, theft of the same amount constitutes a Class A misdemeanor, Tenn. Code Ann. § 39-14-105(a)(1) (2017), carrying a penalty of not greater than eleven months, twenty-nine days, *id.* § 40-35-111(e).[12] Although we must agree with the State that the punishment for a Class D felony remained unchanged by the Public Safety Act,[13] it is still indisputable that the Public Safety Act, in effect, reduced the punishment for the defendant's crime.

---

[12] We recognize that our holding creates a practical sentencing problem where theft cases are decided by a jury under the former version of the theft grading statute. Under the pre-2017 version of the statute, Class D felony theft required stolen property valued at $1,000 or more but less than $10,000. Under the amended statute, however, theft of the same amount could potentially constitute one of three offense classes: theft of exactly $1,000 (Class A misdemeanor); theft of more than $1,000 but less than $2,500 (Class E felony); or theft of $2,500 or more but less than $10,000 (Class D felony). Consequently, this value range does not fit neatly into the category of either Class A misdemeanor, Class E felony, or Class D felony theft under the amended statute, and as we noted above, the value of the stolen property is a question of fact for the jury. Courts of other jurisdictions have considered this conundrum. *See, e.g.*, *People v. Lawrence*, ---P.3d---, 2019 WL 2292503, at *11 (Colo. App. June 27, 2019) (concluding, where the defendant's conviction could constitute several offense classes under Colorado's amended theft statute, that the prosecution could elect to sentence the defendant to lowest possible range or to retry the case). We, however, decline to consider this issue (i.e., what level of offense for which the defendant should be convicted) because it is not necessary for us to resolve this case.

[13] The *Menke* panel noted that the subject amendments do not provide for a "lesser punishment" because a separate statute—Tennessee Code Annotated section 40-35-111—defines the punishment for the defendant's crime. *Menke*, 2018 WL 2304275, at *7. Section 40-35-111 provides, in pertinent part:

(b) The authorized terms of imprisonment and fines for felonies are:

. . . .

(4) Class D felony, not less than two (2) years nor more than twelve (12) years. In addition, the jury may assess a fine not to exceed five thousand dollars ($5,000), unless otherwise provided by statute; and

- 19 -

While we cannot fully agree with the defendant's argument that the theft grading statute is a sentencing statute,[14] we also cannot ignore the direct impact that the theft grading statute has on punishment. Under the subject statute, the stolen property's value is used to determine the corresponding offense class, and then, under section 40-35-111, the offense class is used to determine an authorized sentence. So, by raising the value ranges associated with each offense class—e.g., from $500 or less for Class A misdemeanor theft to $1,000 or less—the legislature reduced the punishment for the crime. *See also* Tenn. Code Ann. § 39-14-105, Sentencing Comm'n Cmts. ("This section provides the punishment for the offenses of theft. These offenses are punished according to the value of the property or services obtained."); Tenn. Code Ann. § 39-14-408(c)(2) (The statute criminalizing vandalism provides that the offense "shall be punished as for theft under § 39-14-105 . . . .").

We also note that, although the Court of Criminal Appeals in the present case pointed to the legislature's silence on the retroactive application of the amendments, *Menke*, 2018 WL 2304275 at *8, such silence is not necessarily indicative of the legislature's intent. Under the language of the Criminal Savings Statute, a clear legislative directive regarding retroactive application is not required for a defendant to

---

(5) Class E felony, not less than one (1) year nor more than six (6) years. In addition, the jury may assess a fine not to exceed three thousand dollars ($3,000), unless otherwise provided by statute.

. . . .

(e) The authorized terms of imprisonment and fines for misdemeanors are:

(1) Class A misdemeanor, not greater than eleven (11) months, twenty-nine (29) days or a fine not to exceed two thousand five hundred dollars ($2,500), or both, unless otherwise provided by statute[.]

. . . .

Tenn. Code Ann. § 40-35-111(b), (e). Notably, section 40-35-111 remained unchanged by the Public Safety Act. We, however, cannot agree with the implication that amending the statute outlining the authorized sentences for all criminal offenses is the only means for imposing a "lesser penalty" as contemplated by the Criminal Savings Statute.

[14] As we discussed above in the jurisdiction section of this opinion, sentencing range and offense class, though related, are not the same.

benefit from the lesser punishment imposed by the subsequent act. *See* Tenn. Code Ann. § 39-11-112. Consequently, the legislature's failure to expressly apply the amendments to the theft grading statute retroactively does not impact our decision.

Therefore, because the amendments at issue clearly provide for a "lesser penalty" than the previous version of the theft grading statute, we conclude that the condition provided in the Criminal Savings Statute is satisfied and that the amended version of the theft grading statute is applicable even where, as here, the offense occurred before the amendment's effective date.[15] In light of our decision, the sentence imposed by the trial court for Count 9 in the case before us was proper. The defendant pleaded guilty to theft of $1,000 prior to the effective date of the Public Safety Act. However, she was sentenced after the effective date. Due to the application of the Criminal Savings Statute, the defendant's crime constituted a Class A misdemeanor. The imposed sentence of eleven months and twenty-nine days is an authorized term of imprisonment for a Class A misdemeanor. *See* Tenn. Code Ann. § 40-35-111(e)(1). In addition, because Count 9 did not constitute a felony, neither Tennessee Code Annotated section 40-20-111(b) nor Tennessee Rule of Criminal Procedure 32(c)(3)(C) mandated consecutive sentencing. Thus, we reverse the portion of the Court of Criminal Appeal's judgment directing resentencing.

## IV. CONCLUSION

Like the Court of Criminal Appeals, we conclude that the State had the authority to appeal the trial court's judgment; however, we conclude that the Criminal Savings Statute does apply to the amendments to the theft grading statute, Tennessee Code Annotated section 39-14-105, allowing a defendant convicted of an offense that occurred before the effective date of the Public Safety Act to be sentenced under the amendments. Accordingly, we reverse the judgment of the Court of Criminal Appeals in part and affirm in part, and we affirm the judgment of the trial court. Costs of this appeal are taxed to the State of Tennessee.

---

[15] We recognize that our holding concerning the Theft Grading Statute does not only affect theft offenses under Tennessee Code Annotated section 39-14-103. For example, the *Swinford* and *Goldberg* cases discussed above both involved convictions under the statute criminalizing vandalism. *Goldberg*, 2019 WL 1304109, at *19-22; *Swinford*, 2018 WL 1831126, at *8-10. Although our analysis focuses on theft, as it is specifically at issue in the case before us, it also applies to defendants who committed Class A misdemeanor, Class E felony, and Class D felony vandalism, forgery, and other related theft crimes prior to the effective date of the Public Safety Act but were sentenced after the effective date.

_____
ROGER A. PAGE, JUSTICE